Greenfield v. The State.

WAT. GREENFIELD, in error, v. THE STATE.

1. CRIMINAL LAW. *Judgment at term subsequent to verdict good.* The prisoner was convicted at May Term, 1873, his motions for new trial and arrest of judgment overruled, and was remanded to jail. At the September Term of the court judgment of conviction was pronounced upon the verdict of the jury, and the term of imprisonment fixed to commence from the day the verdict of the jury was returned: *Held,* a valid judgment.

2. SAME. Where the proper officer for the State signs an indictment as "Attorney General" it is good.

Cases cited: Teas v. The State, 7 Hum., 174; Elkins v. The State, Meigs' R., 109; Evans v. The State, 8 Hum., 110.

Code cited: Secs. 5225, 317.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

No counsel marked for Greenfield.

ATTORNEY-GENERAL HEISKELL for the State.

McFARLAND, J., delivered the opinion of the court.

The prisoner was convicted of larceny at the May Term, 1873, of the Criminal Court of Davidson county. His motion for new trial and arrest of judgment entered and overruled, "and the prisoner remanded to jail." No further action was taken at that term. At the September Term the prisoner was brought be-

Greenfield *v.* The State.

fore the court, and he then moved for his discharge, because no judgment had been rendered at the May Term. The Court, however, refused this motion, and proceeded to pronounce judgment upon the verdict, fixing the beginning of the term of imprisonment from the day the verdict of the jury was rendered. The prisoner has appealed.

We have recently decided this question in at least two unreported cases. The time elapsing between the return of the verdict of the jury and the entering of judgment is not fatal to the judgment. They are different steps in the cause. Upon the return of the verdict, unless a motion for new trial, or in arrest of judgment is pending, or has been allowed, the court should pronounce judgment, and unless for special reasons it is delayed, it should be pronounced at the same term of the court. Sec. 5225 of the Code does no more than declare the previous law, but until the judgment is rendered, or the cause in some way disposed of, it is still pending, and stands continued with the unfinished business until the next term.

The argument that this gives to the Judge of the Criminal Court the power to imprison a defendant at will, and without reason, cannot prevail. If we suppose a judge to act corruptly and oppressively, then he does have power to imprison and otherwise oppress the citizens in many ways, against which they would have no adequate remedy.

It appears in this case the judge inadvertently omitted to pronounce the judgment, or the clerk inadvertently omitted to enter it. If the prisoner or

his counsel had so desired, this could have been ob-
viated by calling the attention of the court to the
subject.

The next objection is that the indictment was signed
by "A. J. Caldwell, Attorney General."

It is insisted that the proper designation of this
officer is "Attorney for the State." Previous to the
Constitution of 1834, by the acts of 1819, ch. 52, sec.
1; 1825, ch. 272, sec. 2; 1833, ch. 43, sec. 1, this
office is styled "an Attorney General." In the act
of 1827, ch. 49, sec. 12, he was styled a solicitor.
The Constitution of 1834 provided that the "legisla-
ture shall elect attorneys for the State by joint vote,"
etc., and in cases where an attorney for any district
"fails and refuses to attend," etc., the court shall have
power to appoint. The mode of election was changed,
but the change did not affect the style of the office.
The act of 1835 provided that each judicial circuit
should constitute a solicitorial district, and there shall
be elected, by joint vote of the General Assembly, one
"Attorney General," of competent law knowledge, etc.
The substance of this was carried into the Code, sec.
317. After this, in 1846, it was held that an in-
dictment, signed by an officer, styling himself a
solicitor general, was bad, as there was no such officer
known to the law: See *Teas* v. *The State*, 7 Hum., 174.
But in *Elkins* v. *The State*, decided in 1838, an indict-
ment signed "Ruben B. Rogers, Attorney General,"
was held good, although it did not show of what
solicitorial district he was Attorney General: Meigs' R.,
109. And the same was held in *Evans* v. *The State*,

8 Hum., 110. So we find that for at least fifty years previous to the Constitution of 1870 this officer was styled an Attorney General, and the judicial decisions recognized this as the proper title. Then, was it intended by the Constitution of 1870 to change the title? It is provided, sec. 5, art. 6, "an attorney for the State," for any circuit or district, etc., shall be elected. This is no material change of the language of the Constitution of 1834. The acts of the Legislature passed subsequently in regard to this officer, some of them style him "an attorney for the State," but this was no more than had long before been done in the Constitution; but certainly no such change was made by the Constitution, nor was any such intended. Besides, the court takes judicial knowledge that A. J. Caldwell was the proper officer to prefer this indictment, and his having designated himself by the title which has been used for more than fifty years, does not throw doubt upon the question.

The judgment will be affirmed.