244 S.W.2d 168 (1951)
STATE ex rel. UNDERWOOD
v.
BROWN, Commissioner of Institutions, et al.
Supreme Court of Tennessee.
July 27, 1951.
On Petition to Rehear December 14, 1951.
*169 Knox Bigham, Asst. Atty. Gen., for plaintiff in error.
Carl R. Hardin, Nashville, for defendant in error.
BURNETT, Justice.
This is an appeal by the Commissioner of Institutions and the Warden of Fort Pillow State Farm from a judgment sustaining relator's petition for a writ of habeas corpus, and releasing relator from the custody of the defendants.
On November 20, 1948, in case No. 17039 in the Criminal Court of Davidson *170 County, the relator, on his plea of guilty, was convicted of the offense of housebreaking. On November 26, 1948 judgment was pronounced on the verdict in this case and relator was sentenced to serve not more than three years in the penitentiary. Relator had also been indicted in case No. 17405 in the Criminal Court of Davidson County, for the offense of housebreaking. On April 29, 1949, while relator was undergoing imprisonment in Fort Pillow State Farm by virtue of the sentence in case No. 17039, case No. 17405 was called for trial. Relator was not present in court but was represented by able counsel. Relator's attorney entered a plea of guilty for him in case No. 17405, and relator was convicted and sentenced to serve not more than three years in the penitentiary. This judgment was rendered at the January, 1949, term of the court. At the May, 1949, term of court, and on the 16th of September, 1949, the court entered an order setting aside the judgment in case No. 17405 entered on April 29, 1949, on the ground that the defendant was not in court at the time judgment was entered and that therefore the judgment was void. On the same date the case was placed on the retired docket.
At the May term of court, 1950, and on the 10th day of May, 1950, relator was brought into court, entered a plea of guilty in case No. 17405, was convicted and sentenced to serve not more than three years in the State penitentiary, said sentence to commence at the expiration of his former sentence. At this subsequent and last hearing wherein the relator was present he was likewise represented at this time by able counsel.
It is the contention of relator that the judgment rendered on May 10, 1950, in case No. 17405 is void because the court lost jurisdiction of the cause by the expiration of the term at which the judgment of April 29, 1949, was entered.
It is the contention of defendants that the judgment of April 29, 1949 is void, that the court did not lose jurisdiction to bring relator to trial because of the expiration of the term, and that the judgment of May 10, 1950 is valid.
There can be no question but that the judgment of April 29, 1949, was absolutely void because the relator was tried, convicted and sentenced in his absence. Andrews v. State, 34 Tenn. 550. This being true, the judgment of April 29, 1949, was no judgment and was of no effect or consequence.
It cannot be doubted and in so far as we know has never been held to the contrary but that a court at the expiration of the term or after 30 days, loses control or jurisdiction over its final judgments. State v. Dalton, 109 Tenn. 544, 72 S.W. 456. This rule does not mean that a court loses jurisdiction to proceed in a cause where no final judgment was rendered, that is, where a judgment is void then there is no judgment and consequently the court does not lose jurisdiction over the matter. The judgment of April 29, 1949, being void no action was required to revoke it; it was a nullity in itself.
Does a Court, by the expiration of a term without more, (nothing is done in a case where a judgment rendered therein is void) lose its jurisdiction to bring a defendant to trial on an indictment pending during the term? This proposition seems to us to answer itself. This Court has held that a judgment may be pronounced after the expiration of the term at which the verdict was received. Greenfield v. State, 66 Tenn. 18; Whitney v. State, 74 Tenn. 247; Dunn v. State, 127 Tenn. 267, 275, 154 S.W. 969; McCall v. State, 167 Tenn. 329, 333, 69 S.W.2d 892. The Court said in Greenfield v. State, supra, "but until the judgment is rendered, or the cause in some way disposed of, it is still pending, and stands continued with the unfinished business until the next term." We therefore hold that simply because of the expiration of a term without more, that the Court does not lose jurisdiction to bring a defendant to trial on an indictment pending during the term. This seems to be what Code Section 11717 means. This Section provides in substance that the Court may order an indictment to be dismissed, where the trial has not been postponed on defendant's application, if he be not brought to trial at the next *171 regular term of the Court in which the indictment is triable, after the the same is found. If the court lost jurisdiction over the indictment by the expiration of the term the court's action in dismissing the indictment at the next term would be an idle ceremony. We therefore hold that the indictment in case No. 17405 was pending on May 10, 1950, and that the court had jurisdiction of the cause, and that the judgment rendered on that date is a valid judgment.
It is contended by the defendant in error that when the trial judge, after setting aside the judgment of September 16, 1949, entered an order placing this case on the retired docket that the effect of this order was to operate as a dismissal, or nolle prosequi, rendering any further proceeding on the same indictment void. We cannot accede to this proposition. A nolle prosequi is defined in Black's Law Dictionary thus: "A formal entry upon the record, by the plaintiff in a civil suit or the prosecuting officer in a criminal action, by which he declares that he `will no further prosecute' the case, either as to some of the counts, or some of the defendants, or altogether." When the case is placed on the retired docket, as is frequently done by the courts of this State, in doing so the court in no way says that the case is dismissed or will not be further prosecuted. The case is merely retired until a time when the defendant may be brought into court and properly tried on the then pending indictment. The trial judge who rendered the judgment of September 16, 1949, and the order retiring the case makes an affidavit in this record to the effect that it was impossible to bring the relator into court for trial at that time and by consent of the relator's then counsel the case was placed on the retired docket until he could be brought to court for trial at a subsequent time. At a later date the relator was brought into court and again represented by able counsel when he pleaded guilty to the indictment and was sentenced under the sentence of May 10, 1950, which we have heretofore held valid.
It is thus shown by the affidavit of the judge, last above referred to, that passing this case to the retired docket until the defendant could be brought into court was in effect done with his consent through his counsel at the time the case was passed to the retired docket. Certainly and without a peradventure of a doubt this action of the defendant through his counsel cannot at a later date be taken advantage of by him or construed as operating as a nolle prosequi.
It is next contended by the appellee in his reply brief that the judgment of May 10, 1950, is void because the appellee was denied a speedy trial as guaranteed by Section 9 of Article I of our Constitution.
It is not every delay in the trial of an indictment that amounts to denial of the constitutional right to a speedy trial. Raine v. State, 143 Tenn. 168, 226 S.W. 189. In so far as the record shows in the instant case the relator in effect, as we have said above, acquiesced in, or even requested, the delay. It seems to us too, that this question cannot be here raised under a habeas corpus proceeding. The question if it could have been raised should have been raised at the trial of May 10, 1950, wherein the defendant was convicted. At that trial the defendant was represented by counsel and through counsel, in the presence of the relator, the defendant pleaded guilty. If the question of not being granted a speedy trial was to be raised at all it should have been raised at that time and it cannot be raised at a subsequent time in a habeas corpus proceeding. We cannot in such proceedings delve into these matters and determine facts not presented by the record. When the relator thus appeared in person, represented by counsel, at the May 10, 1950, trial and did not raise the question here referred to, that is, a speedy trial, he waived this question that he now seeks to rely on. Habeas corpus cannot be used as an appeal, or a writ of error. Its office is to strike down the restraint occasioned by a void, and not merely a voidable, judgment. State ex rel. v. Taxing District, 84 Tenn. 240. A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment. Lynch v. State ex rel. Killebrew, 179 Tenn. 339, 166 S.W.2d 397. This Court *172 in its very beginning held in McBean v. State, 50 Tenn. 20, that a defendant might waive his immunity from double jeopardy. We cannot see then if he may waive such a right why he cannot waive the right to a speedy trial, which rests upon the same foundation as that of double jeopardy. Ordinarily before a plea of former jeopardy may be rendered the proceeding upon which he was convicted originally must be a valid proceeding. 22 C.J.S., Criminal Law, § 245, page 380. The judgment rendered against the relator in his absence on September 16, 1949, was a void judgment and certainly the relator could not have plead this judgment as a former jeopardy successfully. Where the judgment on the first trial was a nullity the accused cannot plead former jeopardy in bar of the second trial. Houston v. U.S., 5 Cir., 5 F.2d 497.
We have very carefully read and considered the cases cited by the appellee in support of the two propositions last above considered and after a consideration of these cases we are well satisfied that they are not in point in the instant case. The State in reply to these authorities has likewise cited authorities. The State quotes from the case of People v. Kidd, 357 Ill. 133, 191 N.E. 244, 246, as follows:
"The effect of striking a cause from the docket is that it cannot be tried until it is again placed on the docket. Its status is not otherwise changed. Redocketing cannot affect the rights of an accused any more than the original docketing. The purpose of the constitutional provision is to protect the citizens in every substantial right, but it was never designed to prescribe such inconsequential details of procedure as would hamper the administration of justice. It was not necessary that the defendants be present when the cause was redocketed.
"There was no error in redocketing the cause after the term at which it was stricken. The order striking it with leave to reinstate justified the clerk in omitting the cause from the docket, but the indictment remained undisposed of. The cause might again be placed on the docket and the defendant brought to trial upon the same indictment. An order to strike with leave to reinstate excludes the conclusion that the case is at an end. It implies that it is still subject to the action of the court."
We heartily agree with this statement and feel that it aptly applies to our practice in this State and by thus applying this rule none of the constitutional rights of the relator are violated.
For the reasons stated herein we conclude that the trial judge was in error in granting the petition for habeas corpus and releasing the relator from the penalties of the judgment of May 10, 1950. The case is therefore reversed at the cost of the relator and the clerk of the court is ordered to issue a capias for the arrest of the relator to the end that the judgment rendered by the Criminal Court of May 10, 1950 may be carried out.

On Petition to Rehear.
A courteous and dignified petition to rehear has been filed herein which has been given very careful consideration by us.
The first proposition made in this petition is a courteous criticism of our opinion for referring to the affidavit of the trial judge which is a part of the record. In referring to this affidavit we merely did so for the purpose of illustrating the facts and circumstances surrounding the retirement of the case. Of course it is true that the minute entry is conclusive of the fact but nevertheless this does not preclude our examining the record and finding out the surrounding circumstances of why such a minute entry was entered. The affidavit of Judge Hart in the record in nowise impeaches or contradicts the minute entry. Clearly the case was retired with the consent of petitioner, acting through his counsel  not his counsel in the present case.
The petition to rehear seeks to modify the judgment of conviction so as to provide that the sentence shall run concurrently rather than cumulatively with certain other sentences petitioner has to undergo. The petitioner evidently mistakes the true function of the writ of habeas corpus. This writ is designed to serve the sole purpose of striking down imprisonment occasioned by a void, and not merely a voidable judgment. We cited sufficient authority in *173 our original opinion to support this proposition. This being the function of the writ, the Court is without jurisdiction to modify this judgment of conviction in the manner sought by the petitioner. Code Section 11764 limits this Court's review of the exercise of the discretion of the trial judge in such matters to cases where an appeal is taken.
Other matters raised in the petition to rehear are merely a reargument of the authorities and facts as made in the brief filed originally. Since no new argument is made and no new authority advanced these questions cannot be considered by us under Rule 32 of this Court as found in 185 Tenn. page 879. We have though, again examined these authorities and are still of the same opinion that we were when we rendered our original opinion.
For the reasons thus stated the petition to rehear must be denied.