STATE OF TENNESSEE ex rel. WALTER LEROY FOLDS,
Plaintiff in Error,

*v.*

W. S. HUNT, Warden, Defendant in Error.

391 S.W.2d 629.

(*Jackson,* April Term, 1965.)

Opinion filed May 7, 1965.

J. Thomas Caldwell, Ripley, for plaintiff in error.

George F. McCanless, Attorney General, Henry C. Foutch, Assistant Attorney General, Joe H. Walker, Jr., Ripley, for defendant in error.

Mr. Justice Holmes delivered the opinion of the Court.

The plaintiff in error, Folds, who is confined in the Fort Pillow State Penitentiary, filed a petition for writ of habeas corpus alleging that he is illegally restrained of his liberty. The Trial Judge issued the writ and ap-

pointed counsel to represent the petitioner. The cause was heard in the Trial Court on the petition for writ of *habeas corpus,* the answer and amended answer of the respondent, and oral testimony introduced in open court. After full hearing, the Trial Judge dismissed the petition by order in which the Court, among other things, found "that the allegations of the petition have not been sustained by the proof". Court appointed counsel prepared and filed a bill of exceptions and has duly perfected an appeal to this Court.

The record shows that on September 30, 1963, in the Criminal Court of Madison County, on a plea of not guilty, the defendant was found guilty of robbery with a deadly weapon. The jury fixed his punishment at confinement in the State Penitentiary for a period of 20 years. In rendering judgment on the verdict of the jury, the Trial Judge allowed the defendant credit for time spent in jail awaiting trial. The order of the Court in the criminal case recording the verdict of the jury rendering judgment thereon, and showing that the defendant was sentenced as set forth above, is included in the record. It is further shown that the facts which gave rise to the criminal prosecution appear in the opinion of this Court in *Ellis v. State,* 211 Tenn. 321, 364 S.W.2d 925. Folds was tried some seven months after the decision of this Court in the Ellis case.

The petition for writ of *habeas corpus* alleges that on January 29, 1962, Folds was committed to the Central State Hospital by a jury in the Madison County Criminal Court and was there confined until July 25, 1963, at which time he was released from the mental hospital and returned to Madison County for trial.

On the trial of the present case, Folds testified that the Criminal Court of Madison County appointed counsel to represent him on the sanity hearing in January 1962. He further testified that when he was returned to Madison County in July 1963, to stand trial for the offense of armed robbery, he was not satisfied with the way court appointed counsel had conducted his case and asked the Court to appoint another attorney to defend him. He testified that the Court honored his request, relieved his first court appointed counsel of the assignment, and appointed another attorney to defend him on the armed robbery charge.

By the first two assignments of error in this Court, it is contended that the Trial Judge committed error in failing to hold that petitioner's conviction in the criminal case is void because he was denied his right of appeal.

The attorney who defended Folds in the armed robbery case testified in the present case. He stated that at the conclusion of the criminal case, after the jury had returned its verdict, he asked the Trial Judge to give Folds credit for the time he had spent in jail and in the State Hospital. He testified he asked Folds if there was anything further he wanted to do, and Folds replied that there was not. This witness further testified that the Trial Judge asked Folds from the bench if he wanted to appeal his case, and Folds replied that he did not. This witness further stated that he saw Folds in jail on one occasion after the conviction and Folds did not mention an appeal. Also, this attorney stated he saw some of Folds' relatives on two occasions after the trial and they did not ask him to appeal Folds' case.

The witness Lowell Thomas in the present case testified that at the time of Folds' conviction he was the

Sheriff of Madison County and was present during the entire criminal trial of Folds. He stated he was sitting in such a position that he could hear the conversation between Folds and his attorney following the verdict of the jury in the criminal case and that he heard Folds' court appoined counsel ask Folds if there was anything further he wanted to do, to which inquiry Folds replied there was not. This witness also testified that after the jury rendered its verdict in the criminal case the Trial Judge asked Folds from the bench if he wanted to take an appeal and that Folds replied he did not.

■ Having examined all of the evidence in this record, we find that the evidence does not support the averment of the petition for writ of *habeas corpus* that defense counsel waived petitioner's right to appeal the criminal conviction without the consent of petitioner. The evidence does not preponderate against the finding of the Trial Judge in this respect.

In *State ex rel. Dych v. Bomar,* 213 Tenn. 699, 378 S.W. 2d 772, this Court, speaking through Chief Justice Burnett, had occasion to consider the decisions of the United States Supreme Court in *Douglas v. People of State of California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, and *Griffin v. People of the State of Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and other authorities cited in the brief of petitioner. In Dych, the Court stated:

"In our opinion, the right of an indigent to the assistance of court-appointed counsel on appeal must be invoked; or it must appear that the court otherwise knew of the defendant's desire to appeal and knew of his inability, because of indigency, to retain counsel to assist him. We think that this is the clear teaching

of Douglas, Griffin and the other cases cited herein.''
213 Tenn. at 704, 37 S.W.2d at 775.

The testimony of Folds that he begged his court appointed counsel to appeal the criminal case and the testimony of two sisters of Folds' divorced wife that at no time following the jury verdict was there any mention of an appeal by either the Court or counsel in the criminal case was not believed by the Trial Judge who saw and heard the witnesses testify. Their testimony is not only contrary to that of the former Sheriff of Madison County and court appointed counsel, but is also contrary to the recitation contained in the order of the Criminal Court of Madison County recording the verdict of the jury and sentencing the defendant, for that order recites:

"Defense counsel states no further action contemplated.''

Since the weight of the evidence in the present case is that the Trial Judge in the criminal case, following the return of the verdict, asked the present petitioner if he desired to appeal and the petitioner replied that he did not, it cannot be said that the petitioner has been denied the right of an appeal by ''state action''. The first and second assignments of error are overruled.

By assignment of error number three it is asserted that the Court erred in failing to hold the judgment of conviction void because the relator was not present when he was sentenced in the Madison County Criminal Court.

The order of the Criminal Court of Madison County, which appears in Minute Book 43, page 471, of the Minutes of that Court, expressly recites that the defendant was sentenced. This is the same order referred to above which spreads upon the Minutes of the Court the verdict

of the jury and the judgment of the Court upon such verdict. This order first recites:

"Came the Attorney General on the part of the State and the defendant in his proper person and by attorney who having been arraigned upon the indictment in this case charging him with Robbery By the Use of a Deadly Weapon, to which he pleads not guilty thereto and for his trial and deliverance puts himself upon the Country and the Attorney General doth the like."

This order concludes with the words: "Defendant sentenced. Defense counsel states no further action contemplated.

"Thereupon Court adjourned until October 1, 1963."

It thus appears that this order begins with the recitation of the presence of the defendant in person and by attorney and concludes with the recitation that the defendant was sentenced and through counsel stated no further action was contemplated.

▮ It is well settled in this jurisdiction that a petition for writ of *habeas corpus* constitutes a collateral and not a direct attack upon the judgment. *State ex rel. Dawson v. Bomar,* 209 Tenn. 567, 573, 354 S.W.2d 763, *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 246, 364 S.W.2d 887. In Holbrook, the Court stated:

"Upon a collateral attack on a judgment of a court of general jurisdiction made by the parties or their privies, such judgment is presumed to be in all respects regular and valid, unless the record affirmatively shows that the court rendering the judgment lacked jurisdiction of the subject matter or of the person; such presumption is conclusive 'unless it is impeached

by the record itself.' '' 247 of 211 Tenn. 889 of 364 S.W.2d.

This same rule has been recognized and applied by the United States Supreme Court. In *Riddle v. Dyche,* 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009, a writ of *habeas corpus* was sued out by one seeking release from imprisonment in a Federal Penitentiary on the ground that the jury which convicted him was illegally constituted of less than twelve men. The record in the case in which he was convicted recited that "a jury of good and lawful men" was duly impaneled, sworn and charged. In discharging the writ of *habeas corpus,* the United States Supreme Court stated:

"That the trial court had jurisdiction to try and punish the appellant for the offense with which he was charged is not disputed. The attempt is collaterally to impeach the record, showing upon its face that a lawful jury was duly empaneled, sworn and charged. Appellant's remedy, as suggested in the mandamus proceeding, was by writ of error. He did not avail himself of it and whatever may have been the cause or excuse for not doing so, *habeas corpus* cannot be used as a substitute. (Citing cases) The writ of *habeas corpus* is not a proceeding in the original criminal prosecution but an independent civil suit, *Ex parte Tom Tong,* 108 U.S. 556, 559, 2 S.Ct. 871, 27 L.Ed. 826, in which the record of the trial court is not open to collateral attack but imports absolute verity. (Citing cases)

"The power to inquire into facts outside the record, allowed under some circumstances, *In re Mayfield,* 141 U.S. 107, 116, 11 S.Ct. 939, 35 L.Ed. 635, cannot be extended to such as are inconsistent with the record."

■ For nearly 150 years it has been the law of this State that judgment cannot be given for corporal punishment against one who is absent. *State v. Jones,* 10 Tenn. 22. This rule has continued to be recognized in *State ex rel. Underwood v. Brown,* 193 Tenn. 113, 244 S.W.2d 168, in which the Court held that a judgment was absolutely void because the defendant was tried, convicted, and sentenced in his absence. In Brown the Court which rendered the void judgment set the same aside because the judgment showed it was void. No collateral attack was made upon that judgment.

■ As stated, the order of the Criminal Court of Madison County recites that the present petitioner was present in person and by counsel and that he was sentenced. Since in Tennessee a defendant cannot be sentenced in absentia, the claim of Folds that he was not present when sentenced constitutes an attempt to impeach the verity of the minutes of a court of general jurisdiction. As stated by the United States Supreme Court in *Hill v. Wampler,* 298 U.S. 460, 464, 56 S.Ct. 760, 762, 80 L.Ed. 1283:

"* * * The only sentence known to the law is the sentence or judgment entered upon the records of the court. (Citing cases) If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. *People ex rel. Trainor v. Baker,* 89 N.Y. 460, 466. But the judgment imports verity when collaterally assailed. *Ibid.* Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge."

█ Since in Tennessee a defendant must be present to be sentenced, and further since the order of the Court expressly recites the presence of the defendant in its opening paragraph, the petitioner in the present case is seeking to contradict or impeach the record and judgment of the Court in the criminal case, which may not be done. The third assignment of error is overruled.

We would not close this opinion without expressing the Court's appreciation of the services rendered by J. Thomas Caldwell, Esquire, of the Ripley bar, in his representation of the petitioner as court appointed counsel. The excellent brief filed by him in this Court and his vigorous oral argument of the case at the bar of this Court demonstrate that the petitioner has had excellent representation in this case.

The judgment of the Trial Court is affirmed.