JACKIE LAYMAN, Petitioner, v. STATE OF
TENNESSEE and LAKE F. RUSSELL, Warden,
Respondents.

464 S.W.2d 331.

Court of Criminal Appeals of Tennessee. Oct. 27, 1970.

Certiorari Denied by Supreme Court Feb. 16, 1971.

Roy T. Campbell, Jr., Newport, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Henry F. Swann, Dist. Atty. Gen., Dandridge, for respondents.

## OPINION

WALKER, Presiding Judge.

After an evidentiary hearing, the trial judge designated by the Chief Justice of our Supreme Court found without merit all of the petitioner's grounds for habeas corpus

and dismissed the petition. In his findings of fact and conclusions of law, the trial judge considered all grounds presented. From his judgment the petitioner below, Jackie Layman, appeals to this court.

Layman was convicted of first degree murder and sentenced to 99 years in the penitentiary. On his appeal with retained counsel, this court affirmed the conviction and the Supreme Court denied certiorari. See Layman v. State, Tenn.Cr.App., 429 S.W.2d 832 (1968).

The petitioner's first four grounds again raise questions decided adversely to him on appeal challenging the selection of jurors, the time allowed for examination of the list of prospective jurors and the failure of the trial judge to declare a mistrial when his codefendant, Dunham, was granted a severance. These grounds have been fully and finally litigated and are without merit.

■ The petitioner says that the trial judge should have ordered the state to permit his counsel to see all evidence to determine if anything therein was favorable to him. This question was not raised at trial and he presents no proof here. It is without merit as is his claim that he was denied a speedy trial. While claiming he was denied a speedy trial, he says he should have been given a change of venue on account of publicity and that the trial judge should have recused himself. There is no proof of these allegations and they are also without merit.

■ He says that the court should have ordered a State's witness, Harriet Cureton, to undergo a lie detector test after the trial to determine if she testified falsely. There is nothing in the record about such an application and it raises no constitutional issue.

■■ He complains that an order was entered on January 17, 1969, in his absence and without his knowledge and consent and that it is therefore void. This order allowed him credit for time in jail awaiting trial. It is not necessary for a defendant to be present to receive credit under T.C.A. § 40-3102. None of his constitutional rights were violated when, after he had begun his sentence, the trial judge entered an order allowing credit for his time spent in jail before his trial.

■ The petitioner says his bill of exceptions in his appeal of the conviction was not filed within the time allowed by law and therefore his conviction should be reversed. He was represented by retained counsel and he employed a private court reporter. If his bill of exceptions was not timely filed, this would be no ground for relief. No state action would be involved. He offers no proof on this assignment which is likewise without merit.

■ He now says that he was not present at the time of sentence. He and his two brothers testified that he was present when his new trial motion was overruled but that the judge deferred sentence at that time. The minutes show that the trial judge overruled the motion and sentenced the defendant to 99 years in the penitentiary. Layman, through his retained counsel, prayed an appeal from that judgment and assigned many errors in his trial. This is the first time he has claimed that he was improperly sentenced. The question presented by this assignment is whether or not he should be remanded for proper sentencing. His claim that he was not allowed to speak or show cause why sentence should not be pronounced raises no constitutional question.

 The trial judge found that the minutes reflected that judgment and sentence were properly pronounced. We sustain his finding. We also think the minutes may not be thus impeached. See State ex rel. Folds v. Hunt, 216 Tenn. 195, 391 S.W.2d 629; Howard v. State, 217 Tenn. 556, 399 S.W.2d 738; State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186. This assignment is overruled.

At his trial Layman employed a private reporter who was not present when the motion for a new trial was overruled. In this proceeding before us, he called the official court reporter who was present at the time the motion was overruled. She was not requested to take the proceedings at that time and did not know if she had done so.

 We call attention to T.C.A. § 40-2035 providing that the reporter shall record verbatim all proceedings had in open court. We think that this recording should be made even though the defendant employs another reporter.

The need for a record of what occurs during sentencing is evident. Properly conducting the proceeding in the first place, plus an accurate record to prove it, is by far the best defense against collateral impeachment.

Of course the record need not actually be transcribed unless it is needed, but it is of utmost importance that the court reporter system retain the capacity to transcribe it at some future time. We have found no constitutional violations here.

The petitioner's claim that women and Negroes were

discriminated against in the selection of the jury is without merit.

The evidence does not preponderate against the findings of the trial judge. All assignments are overruled and the judgment dismissing the petition is affirmed.

OLIVER and GALBREATH, JJ., concur.