IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2004, at Knoxville

## STEVEN DOUGLAS TUTT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 13123     Charles Lee, Judge**

---

**No. M2003-01168-CCA-R3-CO - Filed September 14, 2004**

---

The defendant, Steven Douglas Tutt, appeals the Marshall County Circuit Court's order that retired his motion for expungement.  We dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Steven Douglas Tutt, Appellant, *Pro Se*.

Paul G. Summers, Attorney General & Reporter; and Jennifer L. Bledsoe, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

On February 28, 2003, Steven Douglas Tutt petitioned the Marshall County Circuit Court in writing for entry of an order, pursuant to Code section 40-32-101, directing the expungement of all public records related to three counts of aggravated sexual battery that had been dismissed as part of a plea agreement with the state, in exchange for the petitioner's guilty plea to a single charge of aggravated sexual battery.  The record before us contains the judgments for those counts, which were entered in July 1997, and it appears undisputed that Counts 2, 3, and 4 of Marshall County Case No. 13123 were, indeed, dismissed in connection with the petitioner's guilty plea to Count 1 and sentencing to fifteen years' incarceration.

From the record, it also appears that approximately one month after the expungement petition was filed, the trial judge entered, on March 24, 2003, the following "Order Placing Motion On The Retired Docket":

This matter was heard on the 19th day of March, 2003 upon
a *pro se* motion on behalf of the [petitioner] for expungement.  It is

hereby Ordered that this matter shall be placed upon the retired docket subject to recall when [the petitioner] can appear in court to present his motion.

It is further Ordered that the clerk of the Court shall send a copy of this order to the defendant at the address listed upon said motion.

Responding to the *sua sponte* retirement of his petition, the petitioner filed a motion on April 1, 2003, asking the trial court to rescind its order and grant the requested relief. In that motion, the petitioner argued that the court had no discretion to deny his request to expunge the public records of the dismissed charges. In addition, the petitioner filed a separate motion seeking to set a hearing date on his original petition for expungement.

Evidently, no action was taken on the petitioner's pleadings filed in April. Then, on May 14, 2003, the petitioner filed a pleading entitled "Notice of Appeal," in which he asserted his right to take a direct appeal from "the final judgment entered in this action on the 19th day of March, 2003." Against this procedural background, the matter is now before this court for disposition.

Before us, the petitioner appears *pro se*, and he argues that the retirement of his petition to expunge public records was a *de facto* denial of the petition, from which he is entitled to relief as a matter of law. The petitioner asks this court to reverse the judgment of the trial court placing the petition on the retired docket and to remand the matter with instructions to expunge the relevant public records. The state argues that the trial court's order placing the expungement petition on the retired docket is not a final appealable judgment and that a writ of *certiorari* is not appropriate inasmuch as the trial court did not act illegally.

We agree with the state that the order relegating the expungement petition to the retired docket is not a final or appealable judgment. Tennessee Appellate Procedure Rule 3(b) enumerates those situations in which a defendant in a criminal action may appeal as of right. Tenn. R. App. P. 3(b). A defendant may appeal as of right from a judgment of conviction upon a plea of not guilty, in certain circumstances in which there has been a plea of guilty or nolo contendere, "from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." *Id.*; *see also State ex rel. Underwood v. Brown*, 193 Tenn. 113, 244 S.W.2d 168 (1951) (rejecting defendant's argument that entry of an order placing his case on retired docket operated as dismissal; ruling that when case is placed on retired docket, court "in no way says that case is dismissed or will not be further prosecuted"); *Mason v. State*, 169 Tenn. 52, 82 S.W.2d 862 (1935) (because order that retired a murder prosecution against defendant did not adjudicate anything and because no disposition was made of the cause, defendant did not have anything from which to appeal).

Moreover, even if the rules authorized us to treat the retirement of his petition as a *de facto* denial of the petition, appellate review as a matter of right is, nonetheless, inappropriate.

-2-

First of all, we note that the petitioner's notice of appeal was untimely, having been filed well beyond the 30-day time window of Appellate Procedure Rule 4(a), and there being no showing that the interests of justice would be served by waiving a timely filing. *See* Tenn. R. App. P. 4(a). On a more fundamental level, in *State v. Adler*, 92 S.W.3d 397 (Tenn. 2002), the Supreme Court specifically held, "Because of the plain and unambiguous language of [Appellate Procedure] Rules 3(b) and 3(c), we conclude that neither the State nor a criminal defendant has the authority to appeal as of right an unfavorable ruling concerning an expungement order under Rule 3." *Id*. at 401.

The inquiry does not end, however. The final question is whether to permit the appeal to proceed as a petition for a writ of *certiorari*, as the Supreme Court did in *Adler* when it heard the state's appeal that the trial court erroneously granted an order of expungement. *See id*. at 401-03 (disagreeing with the state and holding that defendant convicted of lesser-included offense is entitled to have record expunged of any greater offense for which jury returned not guilty verdict).

The common law writ of *certiorari* has been codified in Tennessee Code Annotated section 27-8-101 (2000). That section provides:

> The writ of *certiorari* may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101 (2000). "Generally, the writ of *certiorari* is limited in application and does not normally lie to inquire into the correctness of a judgment issued by a court with jurisdiction." *Adler*, 92 S.W.3d at 401. Even so, "an appellate court is within its province" to grant the writ when the trial court's action is without legal authority. *Id*.

Unfortunately for the petitioner in this case, the action taken by the trial court was to place his expungement petition on the retired docket. The petition, thus, has been neither granted nor denied. We are not aware that a trial court acts illegally or without legal authority when it places a matter on the retired docket. Accordingly and in contrast with the situation in *Adler*, we do not believe that the petitioner's complaint should proceed as a petition for a writ of *certiorari*.

That said, we do not believe that the petitioner is without recourse. Rule 11 of the Rules of the Supreme Court of the State of Tennessee provides for the Supreme Court's "Supervision of the Judicial System." Section III(c) of Rule 11 prohibits cases being held under advisement in excess of 60 days, "absent the most compelling of reasons," and permits the filing of "A Motion To Render Decision" with the presiding judge and/or circuit justice "setting out the facts said to constitute a failure to comply with this rule." Sup. Ct. R. 11, § III(c). After the petitioner obtains a ruling on his expungement petition, then any review sought by the state or the petitioner can proceed as envisioned in *Adler*. In the meantime, because the lower court's order did not

-3-

adjudicate anything and because no disposition was made of the cause, the petitioner has nothing from which to appeal, and we, accordingly, dismiss this appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE