IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2006

## WILLIE CALVIN TAYLOR v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Dyer County**
**No. C-03-45    Lee Moore, Judge**

_____

**No. W2005-01495-CCA-R3-PC  - Filed September 15, 2006**

_____

The petitioner, Willie Calvin Taylor, appeals the dismissal of his petition for post-conviction relief by the Dyer County Circuit Court. The circuit court dismissed the petition, finding that the petitioner had filed his petition outside the one year statute of limitations period. After review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which and DAVID H. WELLES, J., joined. GARY R. WADE, P.J., not participating.

Willie Calvin Taylor, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 16, 2003, the petitioner pled guilty to possession of more than .5 grams of cocaine with the intent to sell or deliver. The trial court accepted the plea and imposed a sentence of eight years. The judgment form reflects that the trial court signed the judgment the same day the petitioner entered his plea. However, the judgment was not filed by the clerk until July 22, 2003. No direct appeal was taken in the case.

While incarcerated at the Hardeman County Correctional Facility, the petitioner filed a pro se post-conviction petition alleging ineffective assistance of counsel and involuntary guilty plea. This petition was executed and notarized on August 23, 2004, but stamped as filed in the post-conviction court on August 25, 2004. On September 1, 2004, the circuit court determined that the petition was filed beyond the one year statute of limitations period and dismissed the petition without a hearing. Thereafter, the petitioner filed a Motion to Reconsider, which was denied. The petitioner now brings this appeal.

The sole issue to be determined in this appeal is whether the petitioner filed his petition for post-conviction relief within the one year statute of limitations period.[1] Here, the petitioner asserts that the statute of limitations started on August 21, 2003, thirty days after the judgment was filed by the court clerk on July 22, 2003. The petitioner further asserts that he timely filed his petition "on Monday, August 23, 2004, due to August 21, 2004, being a Saturday." *See* Tenn. R. App. P. 21(a); *see also* Tenn. Sup. Ct. R. 28 § 2(G) (stating a pro se petitioner is deemed to have filed a petition on the date it is delivered to the appropriate individual at the correctional facility). The state asserts that the statute of limitations period started on August 15, 2003, thirty days after the court accepted the petitioner's guilty plea and imposed sentence on July 16, 2003. The state asserts that the deadline for filing post conviction relief was one year later on August 16, 2004 since August 15th fell on a Sunday. *See* Tenn. R. App. P. 21(a). The state asserts that the petitioner's petition reflecting the filed date of August 25, 2004 was clearly filed outside the one year statute of limitations period.

We begin our review by noting that a petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, *within one year of the date on which the judgment became final*, or consideration of the petition is barred. Tenn. Code Ann. § 40-30-102(a). Time is of the essence in requesting post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition. *Id.* According to the language of Rule 4 of the Tennessee Rules of Appellate Procedure, a judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed. *See id.* at 4(a) and (c). In *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003), our supreme court reviewed the language of Rule 4 and held that "a judgment of conviction entered upon a guilty plea becomes final thirty (30) days after acceptance of the plea agreement and imposition of sentence." *Id.* Subsequently, a panel from this court examined the post-conviction statute of limitations in light of *Green* and determined there was "no reason why a judgment would become final at a different time for post-conviction purposes as it would for any other purpose." *Allen Oliver v. State*, No. W2002-02085-CCA-R3-PC, 2003 WL 21338938, at \*1 (Tenn. Crim. App., at Jackson, May 16, 2003). The court concluded that the post-conviction statute of limitations started thirty days after the date the petitioner pled guilty and was sentenced. *See id.* However, in *State v. Willie Norman*, No. W2003-02067-CCA-R3-CD, 2004 WL 2255253, \*5 (Tenn. Crim. App., at Jackson, Oct. 7, 2004), *perm. app. denied* (Tenn. Mar. 7, 2005), a different panel from this court determined that a judgment was not deemed entered until the date the judgment was *filed by the clerk*. In making this determination, the court relied on Tennessee Rule of Criminal Procedure 32(e), which stated that the "judgment shall be signed by the judge and entered by the clerk." *See id.*

Upon review of our supreme court's holding in *Green*, it is our view that the statute of limitations period started on the date the petitioner was actually sentenced by the circuit judge. In this case, the sentencing date of July 16, 2003 was recorded on the judgment form as "Date of Entry

---

[1]We note that The Post-Conviction Procedure Act provides three exceptions for filing outside the one year limitations period. *See* Tenn. Code Ann. § 40-30-102. None of these exceptions are specifically asserted in this case.

of Judgment" and was accompanied by the sentencing judge's signature. This same date was also recorded on the judgment form as the "Sentence-imposed date."

We diverge from the rationale of *Norman* for a few reasons. First, a clerk of a court is not empowered to pass judgment on a criminal defendant nor sentence a defendant to incarceration. Therefore, we do not interpret Rule 32(e) to mean that judgment is final thirty days after the court clerk files the judgment. In our view, such interpretation would inadvertently transfer authority regarding the finality of judgment from judge to court clerk. Instead, we read Rule 32(e) to reference the fact that a court clerk has a duty to file the judgment after the pronouncement of judgment by the judge.[2] Second, a determination that judgment is entered and complete on the date a defendant is sentenced creates certainty and consistency in determining the effective date a judgment is entered. In criminal cases, a defendant must be present to be sentenced. *See State ex rel. Folds v. Hunt*, 391 S.W.2d 629, 632-33 (Tenn. 1965). Therefore, in our view, the date the defendant is sentenced serves notice to the defendant to make a timely appeal. In contrast, a determination that the court clerk's filing date is the effective date a judgment is entered may create uncertainty in appeal where the defendant may or may not be notified of the clerk's filing date. Moreover, calculation of final judgment based upon the clerk's filing date may create inconsistency in review of cases where such calculation would be subject to clerical errors such as late filed judgments and misplaced or lost judgments. Third, our determination is in accordance with prior decisions which have held that the transcript of the court's oral statements controls when the record shows a conflict between the judgment form and the transcript. *See, e.g.*, *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); *State v. Zyla*, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981); *Farmer v. State*, 574 S.W.2d 49, 50 (Tenn. Crim. App. 1978). Finally, it is our view that our decision is in accord with *Green* where the supreme court held that "acceptance of the plea agreement and imposition of sentence" was determinative in calculating when judgment became final. *See Green*, 106 S.W.3d at 650. Consequently, it is our view that judgment became final thirty days after the date the petitioner's sentence was pronounced on July 16, 2003.

In light of our determination, we conclude that the petitioner did not file his post-conviction petition within the one year statute of limitations period. Accordingly, we affirm the circuit court's dismissal of the petition as time-barred.

<br>

_____
J.C. McLIN, JUDGE

---

[2] We acknowledged that Tennessee Rules of Civil Procedure 58 provides that the effective date for entry of judgment is the date of its filing with the court clerk after being signed by the judge. However, this same rule also provides for notice to the parties involved.