IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 19, 2014 Session

**STATE OF TENNESSEE v. MICHAEL J. INMAN**

**Appeal from the Circuit Court for Blount County**
**No. C1925156     David Reed Duggan, Judge**

**No. E2013-01227-CCA-R3-CD - Filed January 23, 2015**

The defendant, Michael Jerome Inman a/k/a Michael Jerome Bivens, entered guilty pleas to six offenses:  five counts of theft, which were three Class D felonies, a Class E felony, and a Class A misdemeanor, as well as one count of criminal impersonation, a Class B misdemeanor.  He received an effective fourteen-year sentence to be served on community corrections.  A warrant was issued for violation of the terms of his community corrections sentence.  After a hearing, the trial court found that the defendant had violated the terms of his community corrections sentence and ordered him to serve his sentence in the penitentiary. The defendant now appeals, arguing that the trial court abused its discretion in ordering the defendant to serve his sentence in confinement; and, whether the defendant had a right to be present in court when his letter to the clerk requesting jail credit was discussed.  After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID A. PATTERSON, SP. J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the appellant, Michael Jerome Inman.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Michael L. Flynn, District Attorney General; and Clinton Frazier, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS AND PROCEDURAL HISTORY

## I. VIOLATION OF COMMUNITY CORRECTIONS

On January 24, 2011, the defendant's guilty pleas were entered and accepted by the court, and he received an effective fourteen-year sentence to be served on community corrections. On February 28, 2011, a violation of community corrections warrant was issued for the defendant alleging that he failed to show up for check-in and failed to show up for group; he did not live at the address given to the officer at his check-in; and, he failed to make a truthful report to the officer. The warrant was amended by an order dated June 28, 2011, based upon a new arrest for theft of property. The original warrant was served on the defendant on June 27, 2011, and he was ordered to be held without bond. On December 19, 2011, a bond hearing was held, and the court set a $2,000.00 bond pending a violation hearing set for February 24, 2012. The defendant was released on bond on December 20, 2011, with the condition that he report immediately to community corrections. On January 9, 2012, a violation of community corrections warrant was issued for the defendant alleging that he failed to report as instructed; that he had been arrested for domestic violence and that he failed to report the arrest; and, that he failed to report to community service work. This second warrant was served on the defendant on September 18, 2012, and he was ordered to be held without bond.

At the probation hearing, held on February 25, 2013, the court heard testimony from Brian Hensley, a community corrections officer. Mr. Hensley testified that the defendant reported to him for intake the day after he was sentenced. However, he failed to report for subsequent check-ins and, on February 28, 2011, a violation of community corrections warrant was issued for the defendant alleging that he failed to show as scheduled for three check-ins and failed to attend group as scheduled on three occasions; he did not live at the address given to the officer at his check-in; and, he failed to make a truthful report to the officer.

The record shows that the February 28 warrant was served on the defendant on June 27, 2011, and he was held without bond. Mr. Hensley testified that on December 19, 2011, an order was entered setting a $2,000.00 bond for the defendant pending a violation hearing on February 24, 2012, with the condition that he report to community corrections immediately. Mr. Hensley stated that he became aware that the defendant had been released on bond when he received a copy of the bond order on December 27, 2011. On that same day, Mr. Hensley contacted the bonding company and explained that a condition of the bond was that the defendant was to report immediately upon release. The defendant contacted Mr.

Hensley and was instructed to report the next day, December 28, 2011. The defendant reported as instructed on December 28, 2011, and was informed to check in with Mr. Hensley by telephone each day.

Mr. Hensley testified that the defendant stated the reason he had not reported was that he was "just supposed to report back to the court, that's what I was told." Mr. Hensley stated that the defendant did not report on December 29, 2011.

Mr. Hensley testified that on January 9, 2012, another violation warrant was issued alleging that the defendant failed to report as ordered. He further testified that the jail booking logs listed that the defendant was arrested on December 28, 2011, for a domestic violence offense. The defendant failed to report the arrest and did not report for his community service work or as directed to his officer following his release.

At the conclusion of the testimony, the trial court, referring to the warrant that was filed on February 28, 2011, found that the defendant had violated the terms of his community corrections sentence by failing to report for check-in on February 1, 8, and 15; failing to report for group on February 1, 8, and 15; not living at the address that was given at check-in; and failing to make truthful reports to the officer. With respect to the warrant that was filed on January 9, 2012, the trial court found that the defendant had violated the terms of his community corrections sentence by failing to report every morning beginning on December 29; by failing to report his arrest; and by failing to report for community service work as directed. The court observed that the defendant had been given numerous opportunities to serve his sentence in the community. The trial court revoked the defendant's community corrections sentence in each of his cases with credit for time served and any street time to which he was entitled. The defendant filed a "Motion for Appeal Hearing/Appeal Bond Hearing" on April 18, 2013.

## II.  HEARING REGARDING JAIL CREDIT

On May 28, 2013, a letter from the defendant was filed with the Blount County Circuit Court Clerk requesting verification of his jail credit. On June 17, 2013, the matter was discussed in court, and the court asked the clerk to send a letter to the defendant along with a copy of the order which revoked his community corrections sentence and listed his jail credit. In the interest of justice, this court waived the timely notice of the appeal motion.

## ANALYSIS

## I.  VIOLATION OF COMMUNITY CORRECTIONS

3

The defendant argues that a good faith mistake is a defense in a revocation of probation and that he believed he only had to report back to court, not to his community corrections officer, when he was released on bond. The State responds that the evidence in the record supports the court's conclusion that the defendant violated the terms of his sentence. Upon review, we agree with the State.

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community correction sentence. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. A trial court may revoke either alternative sentence upon a finding by a preponderance of the evidence that the defendant violated the conditions of the sentence. See T.C.A. §§ 40-35-310, -311(e). An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82). An abuse of discretion is established if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing Harkins, 811 S.W.2d at 82). Once the trial court has made the finding that a violation of probation has occurred, it has the discretion to order the defendant to: (1) serve the original sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see T.C.A. §§ 40-35-308, -310, -311.

Based on our review of the record, we conclude that the trial court did not abuse its discretion in finding that the defendant violated the conditions of his community corrections sentence and ordering him to serve the remainder of his sentence in confinement. The defendant did not testify at the revocation hearing but admitted that the State had proven "a failure to report violation." Counsel further argued that the State had failed to prove any new convictions, "just that he got charged," and asked the court to sentence him to a split confinement. Upon a finding that the defendant violated the conditions of community corrections, the trial court had the option to order the defendant to serve the remainder of his original sentence in incarceration. See Hunter, 1 S.W.3d at 647. Moreover, this court has repeatedly held that "an accused already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999). The defendant was given the benefit of alternative sentencing yet failed to comply with its terms. The court acted well within its authority in revoking the

4

defendant's community corrections sentence and imposing confinement. The defendant is not entitled to relief.

## II. HEARING REGARDING JAIL CREDIT

The defendant argues that he was denied the right to be present in court to address the issue of his pretrial jail credits on June 17, 2013. The record reflects that a discussion was held regarding a letter from the defendant to the clerk in which he expressed concern that he had not received all of his pretrial jail credits. The defendant stated in the letter that his jail credit was "about 18 or 19 months." The revocation order was reviewed by the court and counsel, and it was determined that order reflected credit "two or three days shy of 18 months." See Layman v. State, 464 S.W.2d 331 (Tenn. Crim. App. 1970) (noting that it is not necessary for a defendant to be present to receive jail credit under the statute). The clerk was instructed by the court to furnish a copy of the revocation order to the defendant. Based on the record before this court, the request of the defendant did not require a hearing, and the trial court properly considered the defendant's request.

## CONCLUSION

Based upon the foregoing authorities and analysis, we affirm the judgment of the trial court.

_____
DAVID A. PATTERSON, SPECIAL JUDGE