## SHIPP *v.* STATE.

### (*Knoxville.*  September Term, 1914.)

HOMICIDE.  Sentence.  Statute.  Death penalty.

A defendant convicted of murder in the first degree should be
sentenced to death by electrocution, as provided by the Act
September 27, 1913 (Laws 1913, 1st Ex. Sess., ch. 36), rather
than by hanging, as provided in Shannon's Code, sec. 6442,
where the crime was committed before the act of 1913, but the
conviction was had after its passage.

Code cited and construed:  Sec. 61 (S.); sec. 6442 (S.).

Acts cited and construed:  Acts 1913, ch. 36.

---

FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton Coun-
ty.—S. D. M'cREYNOLDS, Judge.

JOHN H. EARLY, for appellant.

WM. H. SWIGGART, JR., assistant attorney-general,
for the State.

MR. JUSTICE BUCHANAN delivered the opinion of the
Court.

The plaintiff in error was tried upon a charge of
murder in the first degree and under his plea of not
guilty.  The jury by its verdict found him guilty of
murder in the first degree.  He moved for a new trial,

and, that motion being overruled, he moved in arrest
of judgment, and, that being overruled, he appealed
to this court.

His counsel has presented no formal assignment of
errors, but appeared at the bar and urged that mitigat-
ing circumstances appear in the record, and should
have been found by the verdict of the jury. We have
carefully examined the record. We cannot agree to
the insistence above. Every element of the crime of
murder in the first degree is shown in the evidence
without material conflict and with unusual clearness.
A question, however, is made as to the manner in
which the death penalty shall be inflicted. The crime
was committed on July 31, 1913, at which time section
6442 of Shannon's Code was in force, which provided:

"Every person convicted of the crime of murder in
the first degree, or as accessory before the fact to
such crime, shall suffer death by hanging."

But that section, as to the manner of inflicting the
death penalty, was repealed by chapter 36 of the Acts
of the First Extra Session of 1913. The latter act, by
its first section, provided that:

"Whenever any person is sentenced to punishment
by death, that court shall direct that the body of such
person be subjected to shock by a sufficient current of
electricity until he is dead."

This act was passed and approved September 29,
1913, and by its terms became effective from and after
its passage.

It is clear that it was the purpose of the legislature that the death penalty should be inflicted by means of electrocution in all cases where the sentence of death was pronounced after the act of 1913 went into effect, without regard to whether the crime was committed before or after the passage of that act, and so we have heretofore held. We do not think section 49 of the Code of 1857-58, which is section 61 of Shannon's Code, applies in this case. The death penalty is not changed by the act of 1913. Offenses punishable by death prior to the passage of that act are so punishable under it. It only changes the method of inflicting the death penalty.

The trial court should have sentenced the prisoner to suffer death in the manner provided by the act of 1913. Its judgment will therefore be modified, and proper sentence under that act will be pronounced in this court. As modified, the judgment of the trial court is affirmed.