State of Tennessee ex rel. Clayton Dawson, Appellant,

*v.*

Lynn Bomar, Warden, Tennessee State Penitentiary, Appellee.

354 S. W. 2d 763.

(*Nashville*, December Term, 1961.)

Opinion filed February 8, 1962.

Rehearing denied March 7, 1962.

FRED GRAHAM, Nashville, for appellant.

GEORGE F. McCANLESS, Attorney General, HENRY C. FOUTCH, Assistant Attorney General, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court,

This is an appeal from Division 1 of the Criminal Court of Davidson County, Tennessee, by Clayton Dawson, who is being detained in the Tennessee State Penitentiary under a sentence of death by electrocution for the crime of rape. The appellant was convicted of such crime in the Shelby County Criminal Court on April 16, 1960 and the jury fixed his punishment as aforesaid. An appeal was perfected from said conviction to this Court and on October 7, 1960 the judgment was affirmed in an opinion written by Mr. Chief Justice Prewitt and concurred in by all the other members of the Court. A petition to rehear was overruled on December 9, 1960. No effort was made to appeal this final ruling.

While awaiting electrocution in the Tennessee State Penitentiary the appellant, himself, drafted a petition for the writ of habeas corpus stating his belief that the Legislature of Tennessee had abolished the death penalty, and had subsequently reinstated it, at a time when the Legislature had not apportioned itself as required by the Constitution of Tennessee. The appellant further contended that the statute reestablishing capital punishment, by means of electrocution, was therefore illegal and void and that the death sentence imposed upon him was, therefore, invalid. In his petition he also asked the Court to appoint counsel to represent him in proceedings to be had in connection with the hearing on his petition. The petition as originally drawn evinces a greater knowledge of the law than that ordinarily possessed by those without special training in this field. Upon the filing of the petition on May 26, 1961, a fiat was issued directing that a hearing be held on the petition on June 2, 1961. Thereafter, and on the 31st day of May, 1961, an amended petition was filed by a most

reputable and highly respected member of the Nashville Bar which amendment formalized the original petition.

It was further contended in the original petition as made more certain in the amended petition that T.C.A. Section 40-3117 (the section of the Code under which petitioner was sentenced) is void because said statute, Acts of 1913 (First Extra-ordinary Session) Chapter 36, Section 1, was enacted by the General Assembly of the State of Tennessee at a time when the said General Assembly had not reapportioned itself in compliance with Article 2, Section 4 of the Constitution of the State of Tennessee, and, therefore, the aforesaid Act was null and void.

It was further contended that T.C.A. Sections 39-3701 and 39-3702 which define the crime of rape and set the punishment for said crime were re-enacted and codified in the Code of 1932 and Tennessee Code Annotated, and that on both occasions the persons who purported to make up the General Assembly of the State of Tennessee were acting without proper constitutional authorization, since the respective Legislature had failed properly to reapportion themselves as aforesaid. Upon the basis of these averments it was contended by the petitioner that the statutes under which he was convicted and sentenced were void and that he is being illegally held in the State Penitentiary upon the charge and for the purposes aforesaid.

It is further charged in said petition that the appellant was at the time of his arrest and conviction a resident of Shelby County, Tennessee, and that said county has the largest population of any county in the State, but that said Shelby County has the lowest ratio of representa-

tives in the General Assembly of the State of Tennessee as compared with the number of citizens living in said Shelby County as any county in the State of Tennessee. It is further charged that because of the refusal of the General Assembly of the State of Tennessee to reapportion itself in compliance with Article 2, Section 4 of the Constitution of Tennessee, the petitioner and other citizens of Shelby County have been deprived of their fair and equal representation in the Legislature of the State and, therefore, the petitioner has been denied the equal protection of the law guaranteed to him by the 14th amendment to the Constitution of the United States.

On July 14, 1961 the petitioner filed a second amendment to his original petition in which it is said:

"Your petitioner hereby strikes from his earlier amendment the allegation that T.C.A. Section 39-3701, which defines the crime of rape, is null and void, and he strikes from his original or amended petition any allegations that any statutes of the State of Tennessee are invalid, except the statutes which purport to authorize the taking of a human life as punishment for a crime.

"Your petitioner restates and reiterates his contention that, since the Legislature of Tennessee has willfully and unconstitutionally refused to apportion itself as aforesaid it is without legal status to enact legislation governing the people of the State of Tennessee. However, the petitioner acknowledges that the courts must enforce on a *de facto* basis the statutes which the Legislature purports to enact, in order to prevent confusion and chaos.

"Your petitioner, therefore, challenges only the sections of the Tennessee Code which purport to allow the punishment of execution in the electric chair for the acts of which he was convicted, and states that the approval of this petition would not invalidate any other laws not involving the taking of human life, and therefore would not promote confusion or chaos."

This is a rather interesting and ingenuous approach but when analyzed it recognizes the validity and soundness of the decision of the Court in the case of *Kidd v. McCanless,* 200 Tenn. 273, 292 S.W.2d 40, but contends that the invalidation of those sections of the Tennessee Code which permit the taking of human life for a certain crime would not promote confusion or chaos. While it is true that such action by the Court would not produce complete confusion and chaos in regard to the orderly administration of the Government of Tennessee, it would, nevertheless, to a degree promote confusion and chaos and would violate the principle as announced in the case of *Kidd v. McCanless,* supra, which decision is sound in reason and in principle.

It is contended by the defendant that the petitioner was given full and complete protection of his individual rights under the law in that he was represented by able counsel, the Honorable Hugh Stanton, the Public Defender of Shelby County, Tennessee, and the Honorable James T. Sanderson; that the conviction of the petitioner was appealed to the Supreme Court of Tennessee for review and upon said conviction being affirmed a petition to rehear was filed and on December 9, 1960 the same was overruled. There was no further appeal from this ruling.

■ The defendant correctly sets out that in this State the writ of habeas corpus may not be used to make a collateral attack against a valid conviction or judgment rendered by a Court having jurisdiction of the subject matter and of the party. *Grandstaff, State ex rel., v. Gore,* 182 Tenn. 94, 184 S.W.2d 366; *Giles v. State, ex rel. Giles,* 191 Tenn. 538, 545; *Bomar v. State ex rel. Stewart,* 201 Tenn. 480, 485, 300 S.W.2d 885.

■ However, the petitioner says that the conviction is void for the reasons set out in his petition and the amendments thereto. Our Courts have consistently held that ''when the judgment in a criminal prosecution is void, the remedy is by habeas corpus''. A void judgment is one which shows upon the face of the record a want of jurisdiction in the Court assuming to render the judgment, which want of jurisdiction may be either of the person, or the subject matter generally, or of the particular question to be decided or the relief assumed to be given. This statement was made in the *New York Casualty Company v. Lawson,* 160 Tenn. 329, 24 S.W.2d 881 case and quoted with approval in the case of *Lynch v. State ex rel. Killebrew,* 179 Tenn. 339, 342, 166 S.W.2d 397.

■ The legal principle is well stated that the remedy of habeas corpus will lie to attack a conviction based on an unconstitutional or invalid statute. This is clearly stated in 39 C.J.S. Habeas Corpus, sec. 18; p. 458:

''The unconstitutionality of a statute under which a detention is sought to be sustained generally is ground for relief on habeas corpus either before or after conviction or commitment for its violation * * *.''

■ It is also well settled that the writ of habeas corpus may not be used as a substitute for an appeal or for a writ of error. *State ex rel. Jones v. West,* 139 Tenn. 522 and 530, 201 S.W. 743; *State ex rel. Underwood v. Brown,* 193 Tenn. 113, 122, 244 S.W.2d 168; 25 Am.Jur., 160, 163.

There was no complaint made in the original appeal from conviction about the matters set out in the petition and the amended petitions filed by Dawson in this proceeding. Full opportunity was afforded the petitioner to present to the Court all matters touching his individual rights and there is nothing that would have prevented his appeal from the final opinion and decision of this Court on December 9, 1960.

The history of the punishment to be inflicted for the crime of rape since the adoption of the Constitution in 1870 is that by Chapter 56 of the Public Acts of 1871, the conviction for such crime was made punishable by death. The punishment for this crime has remained the same from 1871 to the date of this opinion.

By Chapter 181 of the Public Acts of 1915 the death penalty as punishment for crime was abolished and life imprisonment substituted therefor with the exception that the punishment for the crime of rape remained the same as provided in Chapter 56 of the Public Acts of 1871, that is, death. Said Chapter 181 was repealed by Chapter 4 of the Public Acts of 1919. Therefore, for a period of ninety (90) years the penalty for rape in this State has been death. Society has always considered this crime to be naturally evil, morally wrong, an offense against conscience and consequently malum in se. In addition to its denouncement by the moral law, it has also been established as a crime by statute in every

State in the Union and in most of them the conviction therefor permits the infliction of the death penalty.

The question with us should ever be, not what the offense deserves nor what our feelings and individual opinions would dictate, but "what sayeth the law". The law as adopted by the Legislature in 1871 sets out the penalty of death for conviction of the crime of rape.

The point is made at the bar of this Court by zealous and able counsel for petitioner that if the Legislature had been reapportioned that capital punishment would have been abolished in 1959. The State replies that this conclusion is highly conjectural and speculative. With this we agree.

Petitioner contends that Chapter 36 of the Acts of 1913 (T.C.A. sec. 40-3117) having to do with the method by which one is put to death for a capital offense and T.C.A. sec. 39-3702 are void because they were enacted by Legislatures lacking the authority to enact them into law because of the failure of that branch of the government to reapportion itself. The fact is that punishment by death for rape has been the law of this State since 1871, without interruption. In other words, the offense of rape was punishable by death prior to 1913 and the passage of that Act or any subsequent Act did not change the law with reference to the infliction of the death penalty for the crime of rape. The method or the procedure was the only thing changed by the Act of 1913. See *Shipp v. State*, 130 Tenn. 491, 172 S.W. 317.

The matters about which the petitioner complains address themselves to the legislative branch and not the judicial branch of the Government of this State.

576

██ It is our opinion that the statute under which petitioner was convicted is not void or unconstitutional. The question of the failure of the Legislature to reapportion itself since 1901 could have no possible bearing upon the validity of the conviction of petitioner, since the crime of which he has been convicted has been punishable by death in this State continuously from 1871 down to the present time.

As heretofore pointed out, a writ of habeas corpus cannot be used as a substitute for an appeal, writ of error or petition for review of the conviction of petitioner by the Criminal Court of Shelby County, which conviction was affirmed by the Court and petition to rehear denied. Since the statute upon which the conviction is based is valid and meets the test of constitutionality, the conviction is not void. Therefore, the writ must be denied and the action of the Trial Court is affirmed.