Acie HORTON, Petitioner,

v.

Lynn BOMAR, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent.

Civ. A. No. 3675.

United States District Court
M. D. Tennessee,
Nashville Division.

Jan. 23, 1964.

Acie Horton, pro se.

Henry C. Foutch, Asst. Atty. Gen. of Tennessee, Nashville, Tenn., for respondent.

WILLIAM E. MILLER, Chief Judge.

The Clerk is directed to file the petition of Acie Horton for a writ of habeas corpus in forma pauperis.

The petitioner is presently incarcerated in the Tennessee State Penitentiary pursuant to judgment of the Criminal Court of Shelby County, Tennessee, rendered November 4, 1960, wherein petitioner was convicted of the crime of rape and sentenced to a term of seventy-five years imprisonment.

This is the second writ sought by the petitioner in this Court. The first was denied on May 14, 1963 because the petitioner's contentions concerning legislative malapportionment were without merit, and further for the reason that it did not appear that the petitioner had exhausted the remedies available to him in the courts of the State. (Civil Action No. 3470.) Since that time the petition-

er has sought habeas corpus in the Circuit Court of Davidson County, Tennessee, and from a denial of that writ appealed unsuccessfully to the Supreme Court of Tennessee.

The petitioner alleges four grounds for relief, none of which is sufficient to warrant the relief requested.

■ (1) Petitioner contends that his conviction is void for the reason that the death sentence, maximum punishment for the crime of which he was convicted, was enacted by the Tennessee legislature at a time when it was unconstitutionally and improperly malapportioned. It is settled that this contention is without merit, even if the petitioner had been given the death penalty and could be said to be in a position to question its constitutionality. State ex rel. Dawson v. Bomar, 209 Tenn. 567, 354 S.W.2d 763, cert. denied, 370 U.S. 962, 82 S.Ct. 1620, 8 L.Ed.2d 829 (1962), and Dawson v. Bomar, 322 F.2d 445 (6th Cir. 1963).

■ (2) Petitioner claims that "he was denied the right to be examined by a medical examiner by the prosecuting authorities to test whether or not he committed the crime as required by the rule in capital cases of rape, although he denied that he committed the crime." It nowhere appears, nor has any authority come to the attention of the court, wherein the Federal Constitution requires that state authorities submit an accused rapist for medical examination "To test whether or not he committed the crime." Thus this contention is clearly without merit.

■■ (3) Petitioner claims that the trial court failed to appoint counsel to represent him to take an appeal. While it is true that Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), held that indigent defendants are entitled to court appointed counsel on appeal when requested, the facts as set out in the petition do not indicate that this was the situation here. It appears that petitioner was represented at his trial by counsel of his own choosing retained by him. Further, after the trial and while a motion for new trial was pending, his attorney informed him that he would not represent him on appeal without payment of an additional one thousand dollar fee. The petitioner thereafter was taken to the penitentiary and did not pursue his appeal. Refusal to appoint counsel is not alleged, thus it cannot be said that his constitutional rights were violated by the mere failure of the court to appoint counsel to represent him on appeal. Where a defendant appears in court represented by competent, retained counsel the trial judge may reasonably assume that the rights of the defendant will be protected. The trial judge is not obliged to inquire into the continuing status of their relationship. At the very least petitioner should have made some effort to communicate to the trial judge the information that he wished to appeal but was unable to hire an attorney to assist him. In the words of McIntosh v. Commonwealth, 368 S.W.2d 331 (Kentucky 1963), "It was not incumbent on the trial court to wait on him at the county jail lest some need arise that might not otherwise be called to its attention."

■■ (4) The last contention is that petitioner was not afforded effective counsel for the reason that his attorney refused to take the steps necessary to perfect an appeal. This is an unwarranted contention. An attorney is under no obligation or duty to represent a client beyond the terms of their agreement. That he had undertaken to represent him at the trial does not imply that he had also agreed to represent him on appeal. That the attorney here refused to undertake to present an appeal without payment of an additional fee in no way indicates that his representation of the petitioner at the trial was deficient in any respect, much less that it was so incompetent as to amount to an effective denial of representation.

Accordingly it is ordered that the petition for writ of habeas corpus filed herein be and the same is hereby denied.