The MAGNAVOX COMPANY OF
TENNESSEE, Appellee,

v.

BOLES & HITE CONSTRUCTION
COMPANY et al., etc., Appellant.

Court of Appeals of Tennessee,
Eastern Section.

March 6, 1979.

Certiorari Denied by Supreme Court
June 11, 1979.

John A. Armstrong, Jerry W. Laughlin, H. R. Silvers and of counsel, Silvers, Randall & Laughlin, P. C., Greeneville, for Boles & Hite Const. Co.

S. J. Milligan, Greeneville and of counsel, Milligan, Coleman, Fletcher, Gaby & Kilday, Greeneville, for appellee, The Magnavox Co. of Tennessee.

OPINION

FRANKS, Judge.

Appellant, Boles & Hite Construction Company, filed a motion in the trial court pursuant to T.R.C.P., Rule 60.02, to set aside a judgment which it had paid. Subsequently, appellant filed an answer and, upon consideration of the motion, the Chancellor overruled the motion and struck the answer. Appellant has appealed the denial of relief.

Following the accidental death of an employee of appellant's sub-contractor in 1967, a wrongful death action was filed against appellee and the Johnson City Power Board whereupon Magnavox, on February 20, 1969, brought this suit against appellant and others alleging, *inter alia,* that appellant had contracted to indemnify Magnavox

for that exposure. Appellant filed a demurrer on March 28, 1969 and, on June 22, 1971, the Chancellor, by order, continued any consideration of the case pending the disposition of the wrongful death action. Following an award of damages against Magnavox in the wrongful death action, Magnavox, on January 23, 1973, filed an amended and supplemental complaint, setting forth the circumstances and the amount claimed under its contract with appellant. On June 11, 1973, appellant filed a motion to dismiss, followed on June 15, by appellee's motion for summary judgment. On July 28, 1973, the Chancellor, treating appellant's motion to dismiss as a motion for summary judgment, sustained the motion, denied Magnavox's motion for summary judgment and dismissed the suit. Magnavox appealed the dismissal to this court and the western section, speaking through Judge Nearn, reversed the Chancellor and held, in part:

It therefore results that the decree below is reversed. We hold that under the terms of the contract between Boles & Hite Construction Company and Magnavox, the complainant Magnavox is entitled to indemnification from the defendant Boles & Hite Construction Company and summary judgment on that issue should have been entered in the favor of Magnavox. An order to such effect may be entered in this Court and the cause will be remanded to the Chancery Court of Greene County for determination of the remaining issues not yet decided and such other necessary proceedings not inconsistent with this Opinion. *The Magnavox Co. of Tennessee v. Boles & Hite Construction Co., et al,* Ct.App., W.S., filed February 26, 1974; *cert. denied* May 6, 1974.

On July 30, 1974, the Chancellor, in response to that opinion, entered an order which concluded:

[I]t is my opinion, and so ordered, that the plaintiff is entitled to indemnification for all sums paid by it pursuant to the contract, as interpreted by the Court of Appeals, which includes costs, attorney fees, and interest.

Following that order, a "judgment" was entered on August 7, 1974, which decreed:

That the Magnavox Company of Tennessee have and recover of Boles & Hite Construction Company, a partnership composed of Thomas D. Boles and Paul Hite, the sum of Ninety-five Thousand Eight Hundred Thirty-One Dollars and Thirty-Three Cents ($95,831.33), together with the costs of this cause incident to the claim of the plaintiff against the defendant, Boles & Hite Construction Company, for the collection of which, execution is awarded.

All matters not hereinbefore adjudicated are hereby reserved.

The form of the order was expressly approved by the attorneys for Magnavox and the attorney for Boles & Hite. The judgment was satisfied and the next action relating to the judgment was the filing of the motion, *supra*, on December 2, 1977.

The motion relies on grounds 60.02(3) and (5) of *T.R.C.P.*, and, after establishing the chronological events, asserts while the court of appeals determined the contract provided for indemnification, the opinion did not dispose of other issues, *i. e.*, set-off, counterclaim and affirmative defense, which appellant had raised in its demurrer or motion to dismiss. Having been denied a hearing on these issues, the motion asserts the judgment should be vacated and the moneys returned and a hearing on the ultimate merits be held.

The Chancellor, in a memorandum denying the motion, concluded that the entry of the judgment was mandated by the court of appeals' opinion and all the grounds raised in the motion to set aside the judgment were either known to appellant prior to the court's dismissal of Magnavox's complaint or during the various stages of the proceeding prior to the entry of the judgment.

Appellant's assignments of error are directed to the August, 1974 judgment and the procedures followed and orders made prior to the judgment.

Rule 60.02 states in pertinent part as follows:

60.02. *Mistakes—Inadvertence—Excusable neglect—Fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

■ Appellant's reliance upon sub-section (3) is misplaced. It is clear that voidness of the judgment is wholly inapplicable to this case. Wright & Miller, discussing the federal rule provision which parallels our rule, state: "A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 Wright & Miller, *Federal Practice and Procedure*, § 2862; *see also State ex rel. Dawson v. Bowmar*, 209 Tenn. 567, 354 S.W.2d 763 (1962), *cert. denied* 370 U.S. 962, 82 S.Ct. 1620, 8 L.Ed.2d 829.

While the motion alleges lack of jurisdiction, no basis for that assertion is apparent on the face of the judgment, *Dawson, supra*, nor is a basis established in the record before us. It is beyond dispute that the chancery court did have jurisdiction over the subject matter of this suit.

Appellant asserts due process requirements were not followed in the case but the substance of its argument is the judgment entered by the Chancellor was legally erroneous. As noted, *supra*, this ground does not fall within the scope of 60.02(3).

■ The other section relied upon in the motion is 60.02(5), *i. e.*, "any other reason justifying relief from the operation of the judgment." The factual circumstances under consideration are more accurately described by sub-section (1), "mistake, inadvertence, surprise or excusable neglect." The alleged defectiveness of the judgment was apparent to the appellant at the time of judgment and, as we understand the motion for relief, all grounds raised therein could have been raised in 1974. As Wright & Miller suggest:

The broad power granted by [the *F.R.C.P.* parallel to 60.02(5)] is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. 11 Wright & Miller, *supra*, § 2864.

Defendant is actually asserting its own failure to raise any objection to the judgment at the time of entry. On this characterization we hold appellant's motion was not timely filed because 60.02(1) motions must be brought within one year from the entry of the assailed judgment. Assuming *arguendo* the propriety of the motion under sub-section (5), it is untimely because it was not brought within reasonable time from the entry of the judgment, as required by the rule. Our search of the record reveals neither excuse nor explanation for appellant's delay of more than three years in requesting relief.

Federal cases have interpreted the "reasonable time" requirement of *F.R.C.P.*, 60. Where no explanation was given for the delay and movant was aware of the ground for the motion during the entire interval, a motion filed 13 months after entry of judgment was held unreasonable. *Friedman v. Wilson Freight Forwarding Co.*, 320 F.2d 244 (3rd Cir., 1963). *Also see Morgan v. Southern Farm Bureau Cas. Co.*, 42 F.R.D. 25 (W.D.La.1967); *James Blackstone Memorial Assn. v. Gulf, Mobile & U. R.R. Co.*, 28 F.R.D. 385 (D.C.Conn.1961), and *Neagle v. Brooks*, 203 Kan. 323, 454 P.2d 544 (Kan. 1969).

We note, however, when circumstances justify a long delay will not be considered unreasonable. *See In re Cremidas' Estate*, 14 F.R.D. 15 (D.Alas.1953), wherein a 3-year delay in filing the motion was justified because of movant's financial inability to obtain counsel and lack of attorneys in Nome, Alaska. *Accord*: *Pierce Oil Co. v. U. S.*, 9 F.R.D. 619 (E.D.Va.1949).

We conclude appellant's failure to give any reasonable explanation for the delay of over three years in making its motion, based upon circumstances known to appellant at the time of the entry and payment of judgment in 1974, is an unreasonable delay in proceeding under Rule 60, and the motion was properly denied by the trial judge.

The decision of the trial court is affirmed and costs incident to this appeal are assessed against appellant.

PARROTT, P. J., and GODDARD, J., concur.