**John TATE, Plaintiff–Appellant,**

v.

**Lawrence E. AULT, Conservator, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Dec. 21, 1988.

Application for permission to appeal Denied by Supreme Court May 8, 1989.

James H. Varner, Jr., Knoxville, for plaintiff-appellant.

C. Howard Bozeman, Knoxville, for defendant-appellee.

Wade M. Boswell, Guardian ad Litem, Knoxville.

## OPINION

LEWIS, Judge.

This is an appeal by plaintiff John Tate (hereafter referred to as the Ward) from the Chancellor's dismissal of his petition in which he sought a "dissolution of conservatorship" which was established by an order entered in the Chancery Court for Knox County, Tennessee, on 18 November 1983.

The Ward and the defendant Lawrence E. Ault (hereafter the Conservator) agree that the facts as set out in the Ward's brief are correct. They are as follows:

This case was initiated in the [Chancery] Court by the filing of a Complaint for appointment of Conservator on November 18, 1983 and an order entered on the same day appointing Jerry W. Miller, Conservator. At the time of the appointment of the Conservator the Ward, John Tate, . . . had a limited education and had limited ability to read and write. However, he became aware of the purpose of a conservatorship within several weeks of its creation.

The original complaint specifies in paragraph 2 that [the Ward] is ". . . mentally competent and has no physical disability (sic)," and waives the notice requirement as well as the evaluation and testimony of two physicians. Further the Original Complaint clearly states that its purpose is because [the Ward] is ". . . unable to manage his own business and financial affairs, unable to control his spendthrift habits and is fearful that he will dissipate his entire estate. . . ."

Subsequent to the appointment of the present conservator, a Motion and Amended Order was submitted to the Chancellor for approval and was entered on July 1, 1985 nunc pro tunc November 18, 1983 the date of the original Complaint. This Motion and amended Order purported pursuant to T.R.C.P. Rule 15.-02 and 60.02 to amend the original Complaint to delete the paragraph alleging physicians' statements were unnecessary and supplying statements of two licensed physicians. This Motion and Amended Order was entered without notice to any interested party.

[The Ward] has been hospitalized on two occasions subsequent to the creation of the conservatorship for the purpose of drug treatment, the last occasion being in December 1986 and January 1987. Dr. Corbett Curfman examined [the Ward] on August 17, 1987, pursuant to request of [the Ward's] counsel for the purpose of determining [the Ward's]

competency. Dr. Curfman was made aware of [the Ward's] drug hospitalization as well as his learing [sic] disability and his functional illiteracy and determined that [the Ward] was competent to manage his estate.

Appellant's first issue is: "The original order creating the conservatorship was void as a matter of law in that the original complaint and order recites on its face that it failed to comply with statutory requirements."

The Chancery Court and the Probate Court have concurrent jurisdiction for the appointment of conservators. Tenn.Code Ann. § 34-4-203.

Tennessee Code Annotated § 34-4-205 provides in part that the court:

> [S]hall conduct a hearing to determine whether a conservator is needed for the person or the estate of the person or not.

> (b) Before such hearing, the court shall appoint a guardian ad litem to look after the interest of the person in question, which guardian ad litem shall be present at the hearing and present the interests of the persons for whose property or person a conservator is to be appointed.

> (c) The judge of the probate court hearing the cause shall have the power to summon such witnesses as are necessary; to administer oaths, as in other cases; such judge will be the judge of the number and character of the witnesses and proof to be presented, except that there shall be included therein at least two (2) reputable physicians, who are duly authorized to practice medicine in this state, and who shall have had at least three (3) years' actual practice, each of whom shall be required to make a personal, physical and mental examination of the subject party, and each of such physicians shall make in writing a certificate of the result of such examination, which certificate shall be filed with the clerk of the court and become a part of the record of the case. Such physicians may also be examined orally at the hearing.

■ The original "Complaint for Appointment of Conservator" was filed by the Ward. The Chancery Court, prior to entering its order establishing the conservatorship, did not appoint a guardian ad litem nor have the benefit of certificates of two "reputable physicians" as provided by Tenn.Code Ann. § 34-4-205.

The ward contends that the failure of the Chancery Court to comply with these statutory requirements deprived the court of jurisdiction.

In support of this argument, the Ward cites *Kirk v. Sumner County Bank & Trust Co.*, 25 Tenn.App. 150, 153 S.W.2d 139 (1941). The primary issue in *Kirk* was whether or not the inquisition of lunacy proceedings was void for failure of the court to comply with certain statutory requirements. The defendant had argued that the proceedings were void because:

> (1) the process was not signed by the clerk, but was blank.... (2) Five days' notice of the hearing was not given.... (3) The record does not show that a guardian ad litem was appointed to look after Johnson's interest during the trial.

The Court, in disposing of this argument, stated:

> These questions might have been raised in the lunacy proceeding in the County Court, but they could not be raised in a collateral attack upon those proceedings in this suit.

> This is a collateral attack on the lunacy proceeding, and every reasonable presumption will be indulged to support the judgment. And in the absence of an affirmative showing to the contrary it will be presumed that the court had jurisdiction both of the subject-matter and of the person, and that all facts necessary to give the court jurisdiction to render the particular judgment were found.

(citations omitted). 25 Tenn.App. at 154-155, 153 S.W.2d at 142.

In the instant case the court clearly had subject-matter jurisdiction. Tenn.Code Ann. § 34-4-203. The court also had jurisdiction of the person of the Ward. The Ward voluntarily filed his complaint in the

Chancery Court seeking the appointment of a conservator.

Tennessee Code Ann. § 34–4–203(a) provides that a person may petition the court to "appoint a conservator to have charge and management of the property of such person...."

While the Chancellor may have erred in failing to appoint a guardian ad litem or to require the certificate of two physicians, that error is not jurisdictional. "A judgment is not void merely because it is erroneous. It is void only if the court rendering it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2862 (1973). *See State ex rel. Dawson v. Bomar*, 209 Tenn. 567, 573, 354 S.W.2d 763, 765 (1962).

■ The Ward had the right to appeal from any erroneous action of the Chancellor but may not collaterally attack a valid decree. *Turner v. Bell*, 198 Tenn. 232, 242, 279 S.W.2d 71, 75 (1955).

The Ward's first issue is without merit.

■ By his second issue, the Ward contends the Chancellor erred in "the failure to dissolve the conservatorship in the light of uncontroverted medical testimony that appellant was competent and capable to manage his estate."

Tennessee Code Annotated § 34–4–212(a)(1) provides:

If a person for whom a conservator has been appointed subsequently becomes capable of managing his own affairs and estate, the probate court [or the chancery court] of the county in which such person resides may, upon the petition of such person, the conservator, or an interested third party, dissolve the conservatorship and return to such person the charge and management of his property. If the conservator also has charge and custody of the person, the court, if it deems it advisable, may also dissolve such charge and custody relationship.

When a petition for dissolution of a conservatorship is filed, the court shall then "conduct a hearing to determine whether the person is capable of managing his own affairs and estate and is, therefore, no longer in need of a conservator." Tenn. Code Ann. § 34–4–212(c)(1).

The Chancellor, following the hearing, filed a Memorandum Opinion in which she found as follows:

The preponderance of evidence is that in the last several years, [the Ward] lacked that capability [ability to manage his affairs], and that is the only clear evidence available to me.

Absent affirmative evidence that [the Ward] has become capable, I cannot sustain the petition to dissolve.

We review the findings of the Chancellor de novo upon the record with a presumption that the findings are correct unless the evidence preponderates otherwise. Tenn. R.App.P. 13(d).

The Ward or the person filing the petition for dissolution of a conservatorship must show the present ability of the Ward to manage his estate.

The statute vests the Chancellor with wide discretion in determining whether or not to dissolve the conservatorship. Our review fails to show that the Chancellor erred in exercising her discretion.

There is evidence in the record, including testimony from Dr. Curfman, from which the Chancellor could have found that the conservatorship should be dissolved. However, there is also evidence in the record that there has been no change and that at the present time the Ward is not "capable of managing his own affairs and estate."

The Chancellor saw and heard each of the witnesses testify, including the Ward, with the exception of Dr. Curfman who testified by deposition. She both saw and heard the Ward before making her determination. Findings of the Chancellor which are dependent upon determining the credibility of witnesses are entitled to great weight. The reason for this is that the Chancellor alone has the opportunity to observe the manner and demeanor of the witnesses while testifying. *Town of Ala-*

*mo v. Forcum–James Co.*, 205 Tenn. 478, 483, 327 S.W.2d 47, 49 (1959).

Our review of this record fails to disclose that the evidence preponderates against the finding of the Chancellor that the Ward is not capable of managing his affairs. The Chancellor did not err in exercising her discretion in dismissing the Ward's petition to dissolve the conservatorship.

The judgment of the Chancellor is therefore affirmed and the cause remanded to the Chancery Court for further necessary proceedings.

FRANKS and ANDERSON, JJ., concur.