IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1998 SESSION

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9711-CR-00506 |
| Appellee, | * | Sullivan County |
| VS. | * | Hon. R. Jerry Beck, Judge |
| MICHAEL SAMUEL EIDSON, | * | (Habitual Motor Vehicle Offender) |
| Appellant. | * | |

For Appellant:

Gale K. Flanary
Assistant Public Defender
P.O. Box 839
Blountville, TN 37617

For Appellee:

John Knox Walkup
Attorney General & Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building
Nashville, TN 37243

Greg A. Newman
Assistant District Attorney General
P.O. Box 526
Blountville, TN 37617

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, Michael Eidson, pled guilty to violating an order declaring him to be an habitual traffic offender, reserving the following certified question of law: whether the 1993 order declaring the defendant to be an habitual traffic offender is void because the clerk's office failed to mark the order "filed" or "filed for entry." See Tenn. R. Civ. P. 58. The trial court imposed a two-year sentence to be served in TDOC. We affirm the judgment of the trial court.

On October 8, 1993, Criminal Court Judge E. P. Calhoun signed an order declaring the defendant to be an habitual traffic offender. The order barred the defendant from driving a motor vehicle until the defendant's driving privileges had been reinstated. See Tenn. Code Ann. § 55-10-615. The defendant, who was not represented by counsel, and the assistant district attorney general approved and signed the contents of the order. A copy was made a part of the minutes of the court. Judge Calhoun signed the minutes. The clerk did not stamp the order "filed" prior to placing the order in the minutes.

In 1997, the grand jury returned an indictment charging that the defendant operated a motor vehicle in violation of the order entered in 1993.[1] The defendant filed a motion to dismiss the indictment, claiming the 1993 order was invalid. When the trial court overruled the motion to dismiss, the defendant pled guilty, reserving the certified question of law challenging the validity of the traffic offender order.

Initially, actions under the Motor Vehicle Offenders Act are civil in

---

[1]The defendant was also charged and convicted of several other driving-related offenses; the only conviction on appeal, however, is that for violating the habitual traffic order on January 30, 1997.

nature.  Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim.  App. 1991).  In Bankston, this court ruled that one should mount any attack upon the habitual offender judgment through Rule 60 of the Tennessee Rules of Civil Procedure:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02.

Here, the defendant did not attack the order under Rule 60.02, Tenn. R. Civ. P.; instead, he filed a motion to dismiss the indictment charging him with violating the order.  See Rule 12, Tenn. R. Crim. P.  A collateral attack in a separate proceeding such as this is not permissible.  Everhart v. State, 563 S.W.2d 795, 797-98 (Tenn. Crim. App. 1978).  "'If the attack be collateral in its nature, an attack may not be made even on the ground of fraud.'"  Id. at 798 (citations omitted).

Even if the defendant had proceeded under Rule 60, the challenge to the order would have failed.  The order declaring the defendant to be an habitual traffic offender must comply with Rule 58, Tenn. R. Civ. P.:

> ENTRY OF JUDGMENT
> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
> (1)      the signatures of the judge and all parties or counsel, or
> (2)      the signatures of the judge and one party or

> counsel with a certificate of counsel that a copy of the
> proposed order has been served on all other parties or
> counsel, or
> (3)     the signature of the judge and a certificate of the
> clerk that a copy has been served on all other parties or
> counsel.
> . . . Following entry of judgment, the clerk shall make
> appropriate docket notations and shall copy the judgment
> on the minutes, but failure to do so will not affect validity
> of the entry of judgment.

(emphasis added).  The advisory commission comments to the rule provide that "the effective date of a judgment is the date of its filing with the clerk after being signed by the judge, even though it may not be copied or entered on the minute book until a later date."

In our view, the clerk's failure to file stamp the order would generally cause the order to be ineffective.  The plain language of the rule provides that the order becomes effective only after the clerk marks the order as filed.  Tenn. R. Civ. P. 58.  See Teresa Mayrene King Mayes v. Gary Stephen Mayes, C.A. No. 03A01-9404-CV-00121 (Tenn. App., at Knoxville, Jan. 11, 1995) (finding final judgment was not effective because the clerk had not marked the judgment as filed for entry).

The defendant did not, however, challenge the order in a timely fashion.  Under Rule 60.02, Tenn. R. Civ. P., the defendant must act to set aside the order within a "reasonable time."  Here, almost three years elapsed before the defendant challenged the order.  No reason is given for the delay.  Moreover, because the defendant placed his signature on the order, he was fully aware that he had been prohibited from driving.  See State v. Don D. Williams, No. 03C01-9404-CR-00148 (Tenn. Crim. App., at Knoxville, Jan. 13, 1995) (the court found an eight-year delay in challenging the traffic offender order was reasonable because the order was a default judgment about which the defendant had no knowledge for several years).  The delay may be unreasonable where the defendant knows of the

4

judgment against him and offers no reason for his failure to timely challenge the judgment.  <u>Magnavox Co. v. Boles & Hite Constr. Co.</u>, 583 S.W.2d 611, 613-14 (Tenn. App. 1979).  The three-year delay, under these circumstances, was unreasonable.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
David H. Welles, Judge


_____
Thomas T. Woodall, Judge