# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 10, 2013 Session

## RENNEE N. DHILLON v. GURSHEEL S. DHILLON

### Direct Appeal from the Chancery Court for Williamson County
No. 33026    Timothy L. Easter, Judge

### No. M2012-00194-COA-R3-CV - Filed July 31, 2013

The trial court granted Mother's petition to waive mediation and modify custody, and modified the parties' parenting schedule upon finding a material change of circumstance. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Dana C. McLendon, III and M. Matthew Milligan, Franklin, Tennessee, for the appellant, Gursheel S. Dhillon.

Casey A. Long, Franklin, Tennessee, for the appellee, Rennee N. Dhillon.

### MEMORANDUM OPINION[1]

This appeal arises from a post-divorce petition to modify the parties' visitation schedule with their minor child. Renee N. Dhillon ("Mother") and Gursheel S. Dhillon ("Father") were divorced by final decree entered in the Chancery Court for Williamson

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

County in October 2008. In November 2008, the trial court entered an agreed permanent parenting plan naming Mother as primary residential parent of the parties' minor child, Yuveer, born December 2006. The parenting plan provided Mother with 217 parenting days and provided Father with 148 parenting days per year. The plan provided that Father's parenting time would be Thursday evening to Sunday evening every other week, and Tuesday evening to Thursday morning during alternate weeks. It further provided that Mother would transport Yuveer to Father on alternate Tuesdays, and that Father would be responsible for the remaining transportation. Father's child support obligation was set at $1008 per month, and Yuveer's health insurance was to be maintained by Father. The parenting plan also provided that any disagreement or modification would be submitted to mediation by a neutral party chosen by the parties or by the trial court.

On March 1, 2011, Mother filed a *pro se* petition to modify the parenting plan. In her petition, Mother asserted that the parenting schedule had become disruptive for Yuveer where the parties resided approximately 100 miles apart and where Yuveer was unable to participate in activities due to traveling long distances every few days. Mother further alleged that Father had failed to pay child support, that his medical license had been suspended and he had become unemployed. She further asserted that she was working full-time and weekend hours, and that she had been transporting Yuveer from Estill Springs, where Father resides, to her residence in Franklin on Sunday evenings. She prayed for Father's parenting time to be modified to every other weekend from Thursday evening to Monday morning, and that Father be responsible for transportation.

Father filed a response to Mother's petition on March 15, 2011, moving the court to dismiss the petition as frivolous and alleging that Mother sought to alienate Yuveer from Father. Father further asserted that Mother was an unfit parent. Father also filed a motion for recusal of the trial judge and a motion to reopen the parties' settlement agreement. Although it denied any indication of bias, the trial court granted Father's motion for recusal out of "an abundance of caution" and the matter was transferred to Judge Timothy Easter on July 5, 2011. In September 2011, Father filed a motion for an expedited hearing on his request for permission for Yuveer to travel to Kenya.

Mother responded to Father's response and motions on September 9, 2011, and moved the court to waive mediation and to set the matters to be heard at the same time. Mother asserted that Yuveer was in a classroom setting at Primrose Academy, that he would begin Kindergarten the following year, and that the parenting schedule was unworkable where it required Yuveer to spend two days during the school week 100 miles from school. She further asserted that Father was approximately $33,000 in arrears in his child support obligation and that he had failed to maintain health insurance for Yuveer. She further asserted that she objected to Father's request that Yuveer be allowed to travel to Kenya on the grounds

that she feared that Father would fail to return Yuveer where Father had lost his medical license and was unemployed. On September 22, 2011, the trial court denied Father's request for permission for Yuveer to travel to Kenya, granted Mother's motions to waive mediation and to set the matter, and set the matter to be heard on December 15, 2011.

On December 13, 2011, Father filed a motion to mediate the matter pursuant to the 2008 parenting plan, to order mediation at Mother's expense, and to continue the matter to March 2012. Father also filed a motion for the matter to be transferred out of the twenty-first judicial district, alleging that the court clerk's office had "engaged in ex-parte communication with the presiding judges," that the court had "committed fraud" by "allowing motions . . . to be heard at the end of the day" and granting Mother attorney's fees, and that the clerk had exhibited bias by "failing to file paperwork to block this appellant's appeal."

Following a hearing on December 15, the trial court found that, based on Mother's testimony and the exhibits introduced in the matter, upon Father's statement under oath that he did not wish to testify, and based upon the record as a whole, Mother had carried her burden to demonstrate that a material change in circumstance had occurred and that it was in Yuveer's best interests to modify the parenting schedule. By order entered December 16, 2011, the trial court denied Father's motion to transfer the matter out of the twenty-first judicial district, found that there was nothing in the record to reflect that Mother had been vindictive in any way toward Father, and denied Father's motion to amend the parties' settlement agreement on the basis that it was identical to relief sought in earlier motions filed by Father in 2009. The trial court adopted Mother's proposed parenting plan, granting Father 82 days of parenting time, including Friday evening through Sunday evening every other week, and providing that Father would be responsible for transportation.

On December 29, Father filed an "emergency motion to seek recusal of Judge Easter and set void Judge Easter's orders as void ab ibitio and set aside dismissing Rule 60 motion." Father also filed an emergency motion to stay modification of the parenting plan pending appeal. On January 4, 2012, the trial court denied Father's motions. Father filed a timely notice of appeal to this Court. On March 13, 2012, Father filed a motion for designation of the record on appeal. Mother objected to the motion on the basis that Father sought to include documents relating to matters previously adjudicated by the trial court and this Court in the parties' divorce action. In June 2012, the trial court denied Father's motion and ordered the clerk of the court to forward only documents properly pertaining to the instant matter to this Court. The record was certified by the trial court in July 2012, and the matter was heard by the Western Section of this Court sitting in Nashville.

### Issues Presented

Father presents two issues for our review on appeal. The issues as presented by Father are:

(1)     Whether the trial court erred by waiving mediation.

(2)     Whether the trial court erred by failing to consider Father's maximum participation possible as required by law.

### Standard of Review

We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Accordingly, we will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, however, with no presumption of correctness. Tenn. R. App. P. 13(d). Our review of a trial court's application of the law to the facts is *de novo*, with no presumption of correctness. *State v. Ingram*, 331 S.W.3d 746, 755 (Tenn. 2011).

### Discussion

We turn first to whether the trial court erred by granting Mother's motion to waive mediation in this matter. In his brief, Father asserts that the trial court's order is void where the trial court failed to order mediation pursuant to Tennessee Code Annotated § 36-6-404. Mother, on the other hand, asserts the trial court's order is not void, and that the trial court did not abuse its discretion by granting her motion to waive mediation. We agree with Mother.

Tennessee Code Annotated § 36-6-404(a)(4) requires parenting plans to "[p]rovide for a process for dispute resolution, before court action, unless precluded or limited by § 36-6-406; provided, that state agency cases are excluded from the requirement of dispute resolution as to any child support issue involved." The section further provides:

In the process for dispute resolution:
    (A) Preference shall be given to carrying out the parenting plan;
    (B) The parents shall use the designated process to resolve disputes relating to the implementation of the plan;
    (C) A written record shall be prepared of any agreement reached in mediation, arbitration, or settlement conference and shall be provided to each party to be drafted into a consent order of modification;

-4-

(D) If the court finds that a parent willfully failed to appear at a scheduled dispute resolution process without good reason, the court may, upon motion, award attorney fees and financial sanctions to the prevailing parent;

(E) The provisions of this subsection (a) shall be set forth in the decree; and

(F) Nothing in this part shall preclude court action, if required to protect the welfare of the child or a party[.]

Tenn. Code Ann. § 36-6-401(a)(4)(2010).

It is undisputed in this case that the parenting plan entered by the parties in 2008 contained a provision consistent with the statutory requirements. However, in the current case, the trial court granted Mother's September 2011 motion to waive mediation by order entered in October 2011. Father failed to respond or object to Mother's motion to waive mediation until December 13, 2011, two days before the date of the hearing of this matter. Further, Father did not move the trial court to set aside the October order until after the matter was heard on December 15, 2011.

On appeal, Father's sole argument with respect to this issue is that the trial court's order is void. An erroneous judgment is not necessarily a void judgment. "A distinction must be made . . . between the mere erroneous exercise of a power granted, and the usurpation of a power where none exists." *Gentry v. Gentry*, 924 S.W.2d 678, 681 (Tenn. 1996)(quoting *Brown v. Brown*, 198 Tenn. 600, 281 S.W.2d 492 (1955)). "An order is void only if the court which issued the order lacked subject matter or personal jurisdiction, or was a violation of due process." *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869-70 (Tenn. Ct. App. 2008) (citing *Magnavox Co. of Tenn. v. Boles & Hite Constr. Co.,* 583 S.W.2d 611, 613 (Tenn. Ct. App.1979)(cert. den. 1979)). In this case, the trial court had subject matter jurisdiction and jurisdiction over the parties. Thus, its order is not void.

We next turn to Father's assertion that the trial court erred by failing to fashion a parenting plan that maximizes Father's parenting time. The Tennessee Code as amended effective June 6, 2011, provides, in relevant part,

(a) In a suit for annulment, divorce, separate maintenance, or in any other proceeding requiring the court to make a custody determination regarding a minor child, the determination shall be made on the basis of the best interest of the child. In taking into account the child's best interest, the court shall order a custody arrangement that permits both parents to enjoy the maximum participation possible in the life of the child consistent with the factors set out in subdivisions (a)(1)-(10), the location of the residences of the parents, the

child's need for stability and all other relevant factors. The court shall consider all relevant factors, including the following, where applicable:

(1) The love, affection and emotional ties existing between the parents or caregivers and the child;

(2) The disposition of the parents or caregivers to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent or caregiver has been the primary caregiver;

(3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; provided, that, where there is a finding, under subdivision (a)(8), of child abuse, as defined in § 39-15-401 or § 39-15-402, or child sexual abuse, as defined in § 37-1-602, by one (1) parent, and that a nonperpetrating parent or caregiver has relocated in order to flee the perpetrating parent, that the relocation shall not weigh against an award of custody;

(4) The stability of the family unit of the parents or caregivers;

(5) The mental and physical health of the parents or caregivers;

(6) The home, school and community record of the child[.]

(7)(A) The reasonable preference of the child, if twelve (12) years of age or older;

Tenn. Code Ann. § 36-6-106(a)(1)-(7)(Supp. 2011).

As Father notes, in *Rountree v. Rountree* we stated that, pursuant to the statutory emphasis on maximizing each parent's amount of time with the child, Tennessee courts must fashion parenting plans so as to provide each parent with the maximum time possible with their child. *Rountree v. Rountree*, 369 S.W.3d 122, 129 (Tenn. Ct. App. 2012). However, as we also noted in Rountree, the child's best interest must guide the court's judgment. *Id*. Further, section 36-6-106(a) specifically states that the trial court's determination must be consistent with the location of the parents and the child's need for stability.

"Courts must strive to devise parenting plans that promote the development of the children's relationship with both parents and interfere as little as possible with post-divorce family decision-making." *Rountree*, 369 S.W.3d at 132 (citations omitted). "The needs of the children are paramount; the desires of the parents are secondary." *Id*. Additionally, [p]arenting plans should never be used to punish or reward the parents for their human frailties or past mis-steps[.]" *Id*. Parenting plans "should be used to advance the children's best interests by placing them in an environment that best serves their physical and emotional needs." *Id.* The trial court has broad discretion in matters of child custody and visitation, and we will not interfere with the trial court's decision absent a showing of an abuse of that discretion. *E.g., id*.

In this case, the trial court found that a material change of circumstance had occurred where Yuveer's educational needs had changed, where his extracurricular activity needs were changing, where the parties' employment had changed. The trial court found that it was in Yuveer's best interest to modify the parties' parenting plan in light of these changes and the distance between the parties' residence. We find no abuse of discretion on the part of the trial court in fashioning a parenting plan that serves Yuveer's best interests in light of the circumstances.[2]

## *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs on appeal are taxed to the Appellant, Gursheel S. Dhillon. This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE

---

[2]We additionally note that the trial court observed that Father is not relieved of his child support obligation. Although Mother asserted in her petition that Father was in arrears on his child support obligation, she did not assert a claim for child support payments in her petition.