IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 16, 2012 Session

IN RE ESTATE OF ANN M. TAYLOR, DECEASED

Appeal from the Chancery Court for Wilson County
No. A112    John Thomas Gwin, Chancellor

No. M2012-00596-COA-R3-CV - Filed January 28, 2013

Former administrator of decedent's estate appeals order denying his Tenn. R. Civ. P. 60.02 motion, which sought relief from an order requiring him to reimburse the estate for fees incurred by the successor administrator. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Alan Dale Johnson, Nashville, Tennessee, for the Appellant, Christopher Fox.

James Daniel Richardson Roberts, Jr. and Janet L. Layman, Nashville, Tennessee, for the Appellee, James D. R. Roberts, Administrator, *c.t.a.*

**OPINION**

On January 12, 2001, Christopher Fox, the Public Administrator of Wilson County, filed a Petition for Probate of Will and Granting of Letters of Administration, *c.t.a.*, relative to the Estate of Ann Taylor; the Chancery Court granted the petition. Mr. Fox filed an inventory of Ms. Taylor's estate on May 31 showing assets totaling nearly $500,000.00.

On March 4, 2002, James D. R. Roberts, Jr., Mr. Fox's former law partner, notified the court that Mr. Fox had been suspended from the practice of law and offered to assume the role of substitute administrator. On April 14, Mr. Roberts filed a petition to be appointed substitute administrator and that he be granted "all the rights, responsibilities and powers of administration of the estate in order to bring said estate to the proper conclusion, including investigating any past improprieties associated with the past administration of this estate." On April 19 the court granted the petition and appointed Mr. Roberts as administrator *c.t.a.*

On June 3, 2002, Mr. Roberts filed a Motion and Order to Compel asserting that, as of May 30, Mr. Fox had refused to turn over information in his possession relative to the estate and requesting that Mr. Fox be held in contempt. On June 5 the court entered an order, *inter alia*, finding that Mr. Fox had failed to appear at the hearing on the motion, holding him in contempt for failure to turn over the information and the resulting delay in getting a new inventory prepared, and issuing a Motion to Show Cause against Mr. Fox.

On July 3 Mr. Fox filed a response to the Motion and Order to Compel and Motion to Show Cause in which he asserted that he had turned over the materials on June 11,[1] explaining his absence from court on June 5 and July 3,[2] and requesting that the motion to compel be stricken and the motion to show cause denied. Also on that date, Mr. Roberts filed a motion requesting that Mr. Fox be ordered to pay the estate fees totaling $337.07 incurred as a result of Mr. Fox's failure to turn over necessary bank records and a key to the decedent's home; the court granted Mr. Roberts' motion.

On July 17 Mr. Roberts filed an interim accounting and inventory as well as a motion to pay attorney and administrator fees; the court granted Mr. Roberts' motion and ordered that he be paid a fee in the amount of $5,154.50 from the estate account. The court also entered an order requiring Mr. Fox to reveal information related to transfer of funds from the estate and to make restitution to the estate for any interest lost due to the improper transfer of funds; the order provided that any failure of Mr. Fox to comply would be contempt of court.

On July 19 Mr. Roberts moved to execute against Mr. Fox for the $337.07 fees the court ordered Mr. Fox to pay on July 3; the court granted Mr. Robert's motion and entered an order to allow execution against Mr. Fox.

On July 31 Mr. Roberts filed a Motion to Show Cause alleging that Mr. Fox had not complied with the court's July 17 order; specifically, that Mr. Fox had failed to turn over information regarding his conversion and use of $25,000 in estate funds, which he repaid to the estate. Mr. Fox responded on August 5 stating that he had not received proper notice of the court's July 17 order or Mr. Roberts' July 31 motion; Mr. Fox requested that the order and motion be withdrawn and that the Court order that service of all future correspondence be performed exclusively by the clerk. Mr. Fox also filed a Motion to Alter or Amend with

---

[1] In a June 12 letter to the clerk, Mr. Roberts acknowledged that the materials had been deposited with the clerk by Mr. Fox on June 11.

[2] Although not clear in the record, it is apparent that a hearing was held on July 3 on the motion to show cause.

respect to the court's July 3 order requiring him to pay expenses and the July 31 order of execution; Mr. Fox submitted a payment of $337.07 in the event that the court did not grant him relief.

On August 21 Mr. Roberts moved to compel SouthTrust Bank, which held the estate account, to turn over records related to Mr. Fox's payment of $25,000 to himself out of the estate; the court ordered SouthTrust Bank to provide a complete accounting.[3]

On November 4 Mr. Roberts filed a Final Accounting and Proposed Final Settlement; on November 18 he submitted an amended final accounting. Mr. Roberts also filed a second motion to pay attorney and administrator fees; the court granted his motion on December 18 and ordered that he be paid a fee in the amount of $8,379.57 from the estate account.

On June 20, 2003, Mr. Roberts moved to finalize the estate; the court granted the motion on July 14 and ordered Mr. Roberts to "submit an affidavit setting forth the fees and expenses caused to the estate by the inappropriate actions of the former administrator, Mr. Fox." In response, on September 24 Mr. Roberts filed a document styled "Motion to Attribute Costs to Former Administrator Due to Defalcation While Acting in a Fiduciary Capacity"; Mr. Roberts attached an affidavit regarding costs caused by Mr. Fox and fee chart detailing attorney fees and expenses resulting from Mr. Fox's actions totaling $12,173. The court held a hearing on the motion on October 15 and entered an order finding that Mr. Fox "committed acts of malfeasance and defalcation [when] acting in a fiduciary capacity, to wit: administrator *c.t.a.* of the said estate" and assessing costs and fees of $12,173 to him.

On February 4, 2004, the court granted the motion of Jack Lowery allowing him to withdraw as the attorney of record for Mr. Fox because "Mr. Fox has failed to remain in contact with counsel, has failed to pay counsel agreed fee and has otherwise been unresponsive in the preparation of his case."[4]

---

[3] On September 5 SouthTrust requested clarification with respect to the court's order; the court granted the motion and provided clarification in an Order filed September 19.

[4] The record filed with this court shows that a copy of the August 21, 2002 motion to compel SouthTrust Bank to turn over records was served upon Jack Lowery, as attorney for Mr. Fox; the transcript of the hearing on the motion identifies Mr. Lowery as participating as Mr. Fox' counsel. Subsequent pleadings and orders were also served on Mr. Lowery.

On June 20, 2007, the court entered an order removing Mr. Fox as the Administrator of the estate and expressly noting that Mr. Fox was not relieved of his obligation to repay the estate.[5]

On September 21, 2011, the court entered an order approving the final settlement of the estate. On October 12 the court entered an order acknowledging that the administration of the estate was complete and discharging Mr. Roberts as Administrator.

On December 29, 2011, Mr. Fox filed a motion requesting the court to alter or amend the October 15, 2003 order or, in the alternative, to re-open the case and allow him to pursue relief from the order. On February 13, 2012, the court entered an order denying Mr. Fox's motion.

Mr. Fox appeals, stating the following issues:

1. Whether the Probate Court should have granted the Appellant's Rule 59 Motion to Alter and Amend, and in the alternative to re-open the estate and grant relief pursuant to Rule 60.02, which relief was premised upon Appellant's contention that the order at issue is void for the following reasons:
   a) The Probate Court did not have subject matter jurisdiction to order a former Administrator of an estate to pay money damages to the current Administrator and former partner, and/or reimburse the estate, which were allegedly caused by his malpractice and/or breach of fiduciary duties while serving as Administrator C.T.A.;
   b) The document entitled "Motion to Attribute Costs to Former Administrator…" seeking recovery of fees allegedly caused by the former Administrator was in reality a tort claim that required resort to a court of general jurisdiction and the filing of a complaint and service of process;

2. Whether, if properly before the Court, the Order that required the former Administrator to pay for all fees incurred by the estate after his removal were necessary, had anything to do with the former Administrator's actions, and/or were duplicative of work that the current Administrator billed and collected from the Estate.

---

[5] The order was apparently first lodged with the clerk on September 13, 2002.

The estate states the following issues on appeal:

1. If this court sets aside and/or reopens the estate, should the administrator:
   a. Be permitted to petition the court/file suit against Mr. Fox for the fees and costs attributable to his defalcation prior to October 15, 2003.
   b. Be permitted to petition the court/file suit against Mr. Fox for the fees and costs attributable to his defalcation after October 15, 2003 which were waived due to the Administrator's inability to locate Mr. Fox, and his desire not to further harm the innocent beneficiaries.

2. Whether the Supreme Court's condition for reinstatement requiring Mr. Fox to make "complete restitution to the estates, clients, complainants . . ." requires damages be reduced to judgment.

## DISCUSSION

### A. Timeliness

Although not specifically raised as an issue by either party, because Mr. Fox's motion sought relief pursuant to Tenn. R. Civ. P. 59 and 60.02 relating to the October 15, 2003 order, we first address the timeliness of the motion.

Rule 59.04 provides that "a motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment." Mr. Fox's motion was filed more than eight years after the entry of the original order and more than two months after the order closing the estate. Mr. Fox's motion was not timely; consequently, relief is not available pursuant to Rule 59.

Rule 60.02 provides that the motion "shall be made within a reasonable time." Mr. Fox based his motion for relief from the October 15, 2003 order in part on subsection (3).[6] We have stated that "except for exceptional circumstances that might require a different rule,

---

[6] Tenn. R. Civ. P. 60.02 (3) provides:

On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (3) the judgment is void

Tenn. R. Civ. P. 60.02's reasonable time limitation does not place a time limit on the right to challenge a judgment on the ground that it is void." *Kelso v. Decker*, 262 S.W.3d 307 (Tenn. Ct. App. 2008) (quoting *Pittman v. Pittman*, Nos. 01-A-01-9301-CH00014, 87-077, 1994 WL 456348, at *2 (Tenn. Ct. App. Aug. 24, 1994). Because Mr. Fox contends that the October 15, 2003 judgment ordering him to reimburse the estate is void, we will address his contention.[7]

Appellate courts review decisions dealing with Tenn. R. Civ. P. 60.02 under an abuse of discretion standard since these requests for relief are "addressed to the trial court's discretion." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997); *accord Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). An appellate court is not permitted to substitute its judgment for that of the trial court under an abuse of discretion standard. *Henry*, 104 S.W.3d at 479; *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Only when a trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining" is the trial court found to have abused its discretion. *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)).

**B. Post-Judgment Relief**

Mr. Fox first contends that the court's October 15, 2003 order was void for lack of personal jurisdiction because "there was no complaint filed, no summons issued and no service on [him]." Mr. Fox further argues that "[a]bsent those procedural steps, the order is void because this Court did not have jurisdiction over the Appellant." These contentions are without merit.

"'A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Magnavox Co. of Tenn. v. Boles & Hite Const. Co.*, 583 S.W.2d 611, 613 (Tenn. Ct. App. 1979) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2862); *see also Henderson v. Wilson*, M2009-01591-COA-R3-CV, 2011 WL 683905 (Tenn. Ct. App. Feb. 25, 2011); *Gentry v. Gentry*, 924 S.W.2d 678, 681 (Tenn. 1996).

Tenn. Code Ann. § 30-1-308 provides that "[t]he administrator, when appointed, shall be a party to the proceedings in court, and shall be bound by any decree or order in the

---

[7] We note in this regard that the trial court did not deny the motion on the basis of timeliness, but addressed the motion on its merits.

cause." Mr. Fox served as the Public Administrator for Wilson County and, in that capacity, petitioned the court to administer the Ann Taylor Estate; upon his appointment he became a party to the proceedings.[8] Accordingly, the court had personal jurisdiction over Mr. Fox.

Mr. Fox also contends that the October 15, 2003 order was void because the probate court lacked subject matter jurisdiction to grant Mr. Robert's Motion to Attribute Costs to Former Administrator. More specifically, Mr. Fox asserts that "the motion sought a monetary judgment against [him], a non-party," and that "the claims asserted in the motion are tort claims over which the Probate Court did not have subject matter jurisdiction." We disagree with the characterization of the motion and order as a separate lawsuit sounding in tort; rather, the motion sought to recover estate funds which had been expended due to the malfeasance of Mr. Fox.

The administration of an estate is a procedure governed by Tenn. Code Ann. §§ 30-1-101, *et seq.*, which requires, among other things, marshaling of the decedent's assets, filing of inventory, payment of claims against the estate, and distribution to the heirs and/or beneficiaries. The $12,173 which Mr. Fox was ordered to pay was to reimburse the estate for time spent by the substitute administrator in attempting to get the records held by Mr. Fox in order to prepare an inventory, in preparing the same, and in completing the orderly administration of the estate; the time was substantiated on affidavits filed with the court. Mr. Fox failed to turn over the records of the estate in accordance with the order; his failure to cooperate with the court, as well as his failure to faithfully perform his duties as administrator,[9] delayed the administration and caused the estate to incur unnecessary fees. It was within the court's power and authority in supervising the administration of the estate to order that he reimburse the estate for the expenses it incurred which were specifically attributed to his malfeasance. *See* 2 Pritchard on Wills and Administration of Estates § 863 ("Expenses of administration, which include the allowances to the personal representative for his own services and reasonable counsel fees . . . are as proper charges against the estate, as for example, are funeral expenses of the decedent.").[10]

---

[8] The laws setting forth the duties and responsibilities of the public administrator are set forth at Tenn. Code Ann. §§ 30-1-401, *et seq*.

[9] Mr. Fox took an oath pursuant to Tenn. Code. Ann. § 30-1-111 to "faithfully perform" his duties as administrator.

[10] Although not directly on point, we are persuaded that Tenn. Code Ann. § 30-1-113 also provides authority for the court to issue October 15, 2003 order. That statute sets forth the following procedure for turning over an estate to a new representative:

The court shall order the petitioner to pay over and deliver to the new personal representative the
(continued...)

We find no abuse of discretion by the trial court in denying Rule 60.02 relief.

Mr. Fox further contends that the fees awarded were "excessive and not related to anything the Appellant did or did not do." The motion was accompanied by the affidavit of Mr. Roberts as well as by an exhibit detailing each of the costs and fees incurred by the estate due to Mr. Fox's actions, which totaled $12,173; the certificate of service verifies that a copy of the motion was served on Mr. Fox's attorney. The record does not show that Mr. Fox filed a response to this motion. After a hearing on the matter, the court, "based upon the pleadings, statements of counsel and the record as a whole," ordered Mr. Fox to pay the $12,173 requested in the motion, which the court stated were "those costs solely attributable to his malfeasance and defalcation . . . as evidenced by the Exhibit A to Petitioner's Motion by affidavit of counsel and the related chart showing each such cost." A copy of the order was likewise served on Mr. Fox's attorney.

Mr. Fox had the opportunity to respond to the motion and be heard; he chose not to do so. "The broad power granted by Rule 60.02(5) is not to be used to relieve a party from free, calculated and deliberate choices he has made." *Underwood*, 854 S.W.2d 94, 98 (Tenn. 1993). Accordingly, Tenn. R. Civ. P. 60.02 was not available to provide relief for Mr. Fox's failure to respond to the motion or to participate in the hearing on the motion. We have reviewed the exhibit attached to Mr. Robert's affidavit; the amount assessed by the trial court is supported by the exhibit.

## C. Issues of the Appellee

Our disposition of the issues raised by Mr. Fox pretermitts our consideration of the first issue raised by the Estate; the second issue raised by the Estate is not properly before us.

---

[10](...continued)
balance of money, property, and effects in the petitioner's hands; and, unless the payment and delivery are made in pursuance of the order, the court may order an execution against the petitioner . . .

Tenn. Code Ann. § 30-1-113.

CONCLUSION

For the foregoing reasons, the judgment of the court below is affirmed in all respects

_____
RICHARD H. DINKINS, JUDGE